**Stanton v. Stanton**

*Carolann A. Young,* for petitioner.
*Joseph B. Policicchio,* for respondent.

CASCIO, *J.*, October 10, 1991—This case is before the court on petitioner's petition for protection from abuse which was filed December 10, 1990. An ex parte temporary order was entered on the same date, pending a hearing. The hearing was scheduled to be heard on December 20, 1990, but was continued, on respondent's motion, pending disposition of criminal charges which had been filed by the Pennsylvania State Police as a result of the incident which led petitioner to file the instant action.

In our continuance order, we continued the temporary order, which directed the respondent to refrain from any abuse of the petitioner, in full force and effect and provided for temporary custody and visitation relative to the minor children of the parties. According to the record, the criminal charges were later settled by virtue of the authority provided to the court in Pa.R.Crim.P. 314. A final hearing on the petition was held on October 7, 1991.

At that hearing, in addition to challenging the factual allegations raised in the petition, respondent raised two substantive matters which required us to take the case under advisement. The issues raised are the extent of the injury which must be suffered by the complaining party to support a claim for relief, and the duration of the final order.

It is not necessary for us to undertake an extensive review of the testimony. Generally, the petitioner alleged that the respondent grabbed her and shoved her two times and struck her on the arm with his fist with sufficient force to cause a large bruise. Photographs were submitted as evidence of the extent of the bruising on petitioner's arm.

Respondent alleged that the petitioner must prove serious bodily injury in order to meet her burden under

the Protection From Abuse Act.* However, "abuse" is defined, inter alia, as "[a]ttempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury...." 23 Pa.C.S. §6102(a). Thus proof of *either* bodily injury or serious bodily injury will suffice. Section 6102(b) provides that, for those terms not defined therein, we are to look to the definitions in the Crimes Code, 18 Pa.C.S. §101 et seq.

"Bodily injury" is defined in the Crimes Code as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. §2301. From the facts established by this record, we are satisfied that respondent's conduct toward petitioner meets this definition.

The second issue relates to the duration of the order. Section 6108(b) provides that "[a] *protection order* ... shall be for a fixed period of time not to exceed one year." (emphasis added) Section 6108(a) permits the court to "grant any *protection order* ... to bring about a cessation of abuse...." (emphasis added) In contrast, §6107(b) permits the court to grant what is termed a "temporary order for protection from abuse" ex parte, before the hearing on the petition.

We think the legislature intentionally differentiated between a "temporary order for protection from abuse" and a "protection order" in the statute. While the former is intended to provide temporary emergency relief until a hearing may be held on the merits, the latter, from a practical perspective, requires a hearing before much of the relief permitted by §6108 may be granted. *See, e.g.,* limitations spelled out in subsections (a)(4), (5) and (8) of §6108. This is not to say that, in appropriate circumstances, the court would not be permitted to consider requests for temporary custody

---

* 23 Pa.C.S. §6101, et seq.

and visitation rights in a temporary order. However, it is apparent to us that the intent of the legislature was to provide a responding party with an opportunity to be heard on all of the issues which may be raised and relief which may be requested before a final order may be entered.

In this case, this issue is especially critical to respondent, because the temporary order was entered nearly 10 months ago. If we were to find that the "run date" of the final order to be entered in this case related back to December 10, 1990, the order would expire on December 10, 1991. On the other hand, if we were to rule that the "run date" begins as of the date the final order is signed, respondent will be subject to a protection order which will have a potential duration of nearly 22 months.

Implicit in respondent's argument is the assumption that the petitioner is responsible for the delay in having this case heard. We must bear in mind that it was at the respondent's request that we continued the temporary order in effect pending resolution of the criminal charges. Although the record does not reflect when those charges were disposed of, respondent had it within his power to file a praecipe with the court at any time to request a hearing on the merits. The record in the criminal case indicates that those charges were disposed of a day or two before respondent's counsel filed a praecipe to have this hearing scheduled. The fact that he chose, as a matter of trial strategy, to delay the resolution of this matter should not, in our opinion, have any impact on our decision regarding the statutory limitations on the duration of the protection order.

Accordingly, because we find that there is a difference between a temporary order and a protection order, and because, although no limitation is placed on the duration

of a temporary order, a protection order, once entered, may have a duration of up to one year, we find that the order to be entered in this case shall run from October 7, 1991.

## ORDER

And now, October 10, 1991, this case having been heard by the court and all matters taken under advisement having been decided by the court as evidenced by the attached memorandum, it is ordered that the respondent shall refrain from any abuse of the petitioner.

It is further ordered that temporary custody of the minor children of the parties shall remain in petitioner with respondent exercising visitation rights and partial custody rights as agreed to by the parties, subject, however, to modification by the court in this matter or in a proceeding filed to no. 15 Divorce 1991.

Possession of the marital residence is awarded to the petitioner and respondent is excluded therefrom, subject, however, to the rights of the parties to litigate this issue as a part of the settlement in their divorce action.

A certified copy of this order shall be served upon the parties hereto and all police forces having jurisdiction, including the Somerset County sheriff and the Pennsylvania State Police central repository, for purposes of enforcement.

The order shall remain in full force and effect for no more than one year from the date hereof.

Costs in this proceeding are awarded to the petitioner and against the respondent and shall be paid within 30 days.

Either party may petition the court to review, modify or extinguish this order for causes shown.