**Beth A. HOLDERMAN, Appellant,**

v.

**James HAGNER, Appellee.**

Superior Court of Pennsylvania.

Submitted May 1, 2000.
Filed Oct. 6, 2000.

---

6. I note that I reviewed Aguado's remaining claims and have found them to be meritless.

Anthony C. Bruneio, Allentown, for appellant.

James Hagner, Staten Island, NY, pro se.

BEFORE: KELLY, Judge, CERCONE, President Judge Emeritus and BROSKY, Judge.

BROSKY, Judge.

¶ 1 Does the maximum duration period [1] of a protection from abuse order run from the date of the final hearing, or from the date of a prior temporary *ex parte* proceeding? In this appeal we are called upon to answer this question of first impression.

¶ 2 Appellant, Beth Holderman, appeals from the trial court's order of July 13, 1999 denying her petition for contempt of a protection from abuse (PFA) order, as being untimely filed. Appellant filed her petition for relief under the Protection From Abuse Act [2] on February 24, 1998. A hearing was set for March 4, 1998, as required by 23 Pa.C.S.A. § 6107(a).[3] On March 4, 1998, the Appellee did not appear. Judge Daniel J. Lawler continued the hearing until March 18, 1998 and entered a temporary order under 23 Pa. C.S.A. § 6107(b) and (c), pending the final hearing. Temporary Order, 3/4/98, ¶¶ 1 and 3. The matter was then re-assigned to Judge Susan Scott. On or about March 16, 1998, Attorney Yanuzzi wrote to Judge Scott, indicating that he had entered his appearance on behalf of the Appellee, that he was personally unavailable to represent Mr. Hagner on March 18, and that Mr. Hagner was currently on a ship overseas and would be unavailable for a hearing until late June or July, 1998. Mr. Yanuzzi requested, in light of the unavailability of

---

1. 23 Pa.C.S.A. § 6108(d) at the time of the final hearing provided: "Duration and amendment of order or agreement.—*A protection order* or approved consent agreement *shall be for a fixed period of time not to exceed one year.*" (Emphasis supplied). Subsection (d) was amended May 10, 2000, effective immediately, to provide a maximum period of duration of 18 months.

2. 23 Pa.C.S.A. §§ 6102–6118.

3. 23 Pa.C.S.A. § 6107 provides:

§ 6107. Hearings
(a) General rule.—Within ten days of the filing of a petition under this chapter, a hearing shall be held before the court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence. The court shall, at the time the defendant is given notice of the hearing, advise the defendant of the right to be represented by counsel, and of the fact that any protection order granted by a court may be considered in any subsequent proceedings under this title. This notice shall be printed and delivered in a manner which easily attracts attention to its content and shall specify that child custody is one of the proceedings where prior protection orders may be considered.
(b) Temporary orders.—If a plaintiff petitions for temporary order for protection from abuse and alleges immediate and present danger of abuse to the plaintiff or minor children, the court shall conduct an ex parte proceeding. The court may enter such a temporary order as it deems necessary to protect the plaintiff or minor children when it finds they are in immediate and present danger of abuse. The order shall remain in effect until modified or terminated by the court after notice and hearing. Any order issued under this section shall, where furnished by the plaintiff, specify the Social Security number and date of birth of the defendant.
(c) Continued hearings.—If a hearing under subsection (a) is continued and no temporary order is issued, the court may make ex parte temporary orders under subsection (b) as it deems necessary.
23 Pa.C.S.A. § 6107.

both himself and his client, that the Court "extend the Temporary Order until my client's return . . . when this matter can be heard in full." Exhibit P–1, N.T., 7/8/98.

¶ 3 On March 18, 1998, Appellee accordingly did not appear and, based upon counsel's agreement, Judge Scott entered a second Temporary Order under 23 Pa. C.S.A. § 6107(b) and (c), effective from March 18, 1998 until the new hearing date set for July 8, 1998. Temporary Order, 3/18/98, ¶¶ 1 and 3. On July 8, 1998, Appellee again did not appear and a 23 Pa. C.S.A. § 6107(a) hearing was held, whereupon Judge Scott found that service of notice of the hearing had been achieved, and that the allegations of Appellant's petition supported the issuance of a standard PFA order.[4]  N.T., 7/8/98, at 7, 10. In addition to the request for protection, Appellant also requested relief in the nature of an order compelling Appellee to return several items of personal property valued at $8300.00, taken by Appellee from Appellant's residence. Petition for Protection From Abuse, 2/24/98, ¶ 13. *See also,* Exhibit P–2, N.T., 7/8/98. The court after the hearing issued a Final Order of Court, on a standard form order, which substantially complied with Pa.R.C.P.1905(e).[5]  Significantly, both the standard form order, and the Final Order entered by the court provide: "¶ 14. *All provisions of this order shall expire in one year,* on [INSERT EXPIRATION DATE]." (Emphasis supplied). The expiration date inserted by the court is "July 8, 1999". Final Order of Court, 7/8/98, at ¶ 14.[6]  The Final Order

4. Appellant alleged several serious acts of abuse committed by Appellee, including the most recent act prior to the filing of the petition, at which time Appellee, during a lengthy and heated argument, grabbed Appellant by the throat so that she could not breathe, and forcefully pinned her against a wall causing her to fall to the ground. A short time later, Appellant was speaking to Appellee's mother on the telephone, and while doing so, Appellee grabbed her by the head pulling out her hair. At the time Appellant was 10 weeks pregnant, and after this incident, began bleeding. Appellant suffered a miscarriage approximately a week and a half later. Petition for Protection From Abuse, 2/24/98, ¶ 11. Appellant also alleged other recent, even more violent acts, which, suffice it to say, were indeed adequate to support a finding that a protection order was appropriate. *Id.* at ¶ 12. Shortly after the most recent incident, Appellee fled the area, and had had no further personal contact with Appellant through the time of the July 8, 1998 hearing.

5. Pa.R.C.P.1905(e) *was adopted March 9, 1998, effective July 1, 1998,* (the 1997 Explanatory Comment indicates that the purpose for standardizing the form was to provide uniformity, and to ensure proper registration with the statewide PFA Registry and the National Crime Information Center, so as to assist nationwide enforcement efforts), and provides in pertinent part:

> (e) The Final Order of Court entered pursuant to the Act shall be substantially in the following form:
> * * *
> AND NOW, this _____ day of _____, 19___, the court having juris-

diction over the parties and the subject-matter, it is ORDERED, ADJUDGED and DECREED as follows:

* * *

[ ] 1. Defendant shall not abuse, stalk, harass, threaten the Plaintiff or any other protected person in any place where they might be found.

* * *

[ ]4. Except as provided in Paragraph 5 of this Order, Defendant shall not contact the Plaintiff, or any other person protected under this Order, by telephone or by any other means, including through third persons.

* * *

[ ] 8. The following additional relief is granted as authorized by § 6108 of the Act:

* * *

14. All provisions of this order shall expire in one year, on [INSERT EXPIRATION DATE]. . . .

Pa.R.C.P.1905(e).

6. During the course of the final hearing the court also stated: "I mean, there's no disputing that you get a PFA on the basic—the basic terms are the same terms as the Temporary Order. They would give a one-year Order on the same terms and conditions as the Temporary Order." N.T., 7/8/98, at 7, and "So he's—she has from me the one-year Order that he's not to abuse, harass, stalk, or threaten; no contact at all locations of any kind; and—also, I'll incorporate by reference he's to return the items within 30 days." *Id.* at 10.

also provides that "Defendant is ordered to return to Petitioner all items listed on Exhibit P2 at said hearing...", *id.* at ¶ 8, which was then made an attachment to the Final Order. *Id.*

¶ 4 On July 8, 1999, Appellant, then acting *pro se*, presented to the court a Petition for Civil Contempt under 23 Pa. C.S.A. § 6114.1, on a court furnished form entitled "Affidavit of Plaintiff Alleging Contempt of Protection From Abuse Order", and which provided a Notice of Hearing and Order to Appear before the court. The trial court, Judge Michael J. Kane, denied the Petition without scheduling a hearing, ruling that it was untimely. Trial Court Opinion, 11/5/99.

¶ 5 Appellant filed a timely appeal, and raises three issues, the common theme of which is that the trial court erred in finding that the Final Order of July 8, 1998, reciting an expiration date of July 8, 1999 was in error, and that Appellant's contempt action was therefore untimely. We agree.

■ ¶ 6 Initially, we note our standard of review, "[a] trial court's findings on a contempt petition will not be disturbed absent an abuse of discretion." *Guadagnino v. Montie*, 435 Pa.Super. 603, 646 A.2d 1257 (1994). This Court will not find an abuse of discretion merely for an error of judgment unless, in reaching a conclusion, the trial court overrides or misapplies the

law, or its judgment is manifestly unreasonable, or the evidence of record shows that the court's decision is a result of partiality, prejudice, bias, or ill will. *Commonwealth v. Chambers*, 546 Pa. 370, 387, 685 A.2d 96, 104 (1996), *cert. denied*, 522 U.S. 827, 118 S.Ct. 90, 139 L.Ed.2d 46 (1997) (quoting *Mielcuszny v. Rosol*, 317 Pa. 91, 93–94, 176 A. 236 (1934)).

■ ¶ 7 However, "[i]f a trial court erred in its application of the law, an appellate court will correct the error." *Bernhardt v. Needleman*, 705 A.2d 875, 876–877 (Pa.Super.1997). Our scope of review on questions of law is plenary. *Simmons v. Pacor, Inc.*, 543 Pa. 664, 674 A.2d 232 (1996).

¶ 8 The trial court reasoned that since 23 Pa.C.S.A. § 6108(d)

> expressly prohibits orders to be in effect for a period longer than one year, *on July 8, 1998, in our view, the [c]ourt could only have issued an order to be in effect until March 4, 1999, as it was the year prior to that date when the [c]ourt first entered an order.... [S]ince the [c]ourt's Order could not have been in effect on July 8, 1999, [Appellee] could not have been in contempt of that order.*

Trial Court Opinion, 11/5/99, at 3–4 (emphasis supplied). In so holding, the trial court failed to appreciate the distinguishing factors between temporary and final orders.[7] Its application of the law is

---

7. Implicit in the trial court's ruling is a finding that the prior temporary orders were not "extended" and therefore the "run date" begins from the last order date, not so extended. However, an examination of the extension provision of the statute, rather supports our holding.

23 Pa.C.S.A. § 6108(e)(1)–(3) provides:
(e) Extension of protection orders.—
(1) An extension of a protection order may be granted:
(i) *Where the court finds*, after a duly filed petition, notice to the defendant and a hearing, in accordance with the procedures set forth in sections 6106 and 6107, *that the defendant committed one or more acts of abuse subsequent to the entry of the final order* or that the defendant engaged in a

pattern or practice that indicates continued risk of harm to the plaintiff or minor child.
(ii) When a contempt petition or charge has been filed, but the hearing has not occurred before the expiration of the protection order, the order shall be extended, at a minimum, until the disposition of the contempt petition.
(2) Service of an extended order shall be made in accordance with section 6109 (relating to service of orders).
(3) There shall be no limitation on the number of extensions that may be granted. 23 Pa.C.S.A. § 6108(e)(1)–(3) (emphasis supplied).
It is clear upon our review of this section that the statute, by necessary implication, prohibits "extending" any order entered prior to the entry of the final order. Instead, the trial

therefore erroneous for several reasons, namely it is contrary to the letter of the relevant statutory provisions, the intent of the PFA statute, and the well established practice and procedure which has developed since the passage of the PFA statute.

¶ 9 First, we find it significant that the legislature chose to set forth separately specific provisions for the court to grant an *ex parte* [8] or "temporary order" in 23 Pa. C.S.A. § 6107(b) and (c) when a hearing is *continued* as in the case at bar; whereas 23 Pa.C.S.A. § 6108(e) contains provisions for "extension of protection orders", and immediately follows § 6108(d), the duration of orders subsection. If the duration of orders subsection in § 6108(d) were to apply to "temporary orders" as well, why would it not cross-reference § 6107(b) and (c), or at the very least appear sequentially prior to the treatment of "temporary orders"? To further distinguish the procedural and substantive postures of the temporary order versus the final order, we also point out that the evidentiary burden on the petitioner varies substantially. To obtain a temporary order, the petitioner without a full hearing proceeds *ex parte* alleging "immediate and present danger of abuse". 23 Pa.C.S.A. § 6107(b). In order to obtain a final order however, the petitioner must prove the allegation of abuse by a preponderance of the evidence, at a full hearing, with notice to the respondent, who has the rights to counsel and cross-examination. 23 Pa.C.S.A. § 6107(a).

¶ 10 While we acknowledge that 23 Pa. C.S.A. § 6108(d) does not specify which type of order, *i.e.* temporary versus final order, to which it refers, we find overwhelming authority elsewhere to support the conclusion that the maximum duration period runs only from the date of the final order.[9]

¶ 11 One need only look as far as the language of the mandatory standard forms set forth in Pa.R.C.P.1905(c) entitled "TEMPORARY PROTECTION FROM ABUSE ORDER", and 1905(e) entitled "FINAL ORDER OF COURT". The duration of the order provision of 1905(c), ¶ 10 states: "This order applies immediately to Defendant and shall remain in effect until [insert expiration date] or until otherwise modified or terminated by this court after notice and hearing"; whereas 1905(e), ¶ 14 states: "All provisions of this order shall expire in one year, on [INSERT EXPIRATION DATE]." It is certainly reasonable to conclude that the Supreme Court must have contemplated the different procedural and substantive postures of the temporary and final orders, and that the Court would not have specifically set forth the reference to the maximum period of duration in 1905(e), and not in 1905(c), if it did not deem it applicable only to the final order.

¶ 12 Thus, based upon the relevant statutory language, we hold that the maximum period of duration runs only from the date of the final order.[10]

---

court may grant other appropriate relief under § 6107(b) and (c), *see* fn. 3, *supra*, pending a final hearing. Thus, any intimation that the date runs from the temporary order date as opposed to the final order date, because there has been no interim "extension" to the temporary order, is incorrect.

**8.** "Temporary Order" means an *ex parte* order entered by the court pursuant to 23 Pa.C.S. § 6107. Pa.R.C.P.1901.

**9.** We note that the trial court has not cited any caselaw to support its conclusion that the maximum duration period runs from the date of the temporary order. Instead, the trial court relies solely on its interpretation of

§ 6108(d). Appellee has not filed a brief in this appeal.

**10.** We are also mindful of the Rules of Construction set forth in Pa.R.C.P. 126, 127, 128, 131 and 132 which direct that we liberally construe the rules to secure the just, speedy and inexpensive determination of an action; that the intent of the Supreme Court controls and that every rule should be interpreted to give effect to all of its provisions; that the Supreme Court does not intend a result that is absurd, or that favors a private interest over the public interest; that rules *in pari materia* should be read together, if possible; and that a specific provision when in conflict, shall control a general provision.

¶ 13 Secondly, it is now axiomatic that the goal of the PFA statute is to " '[a]dvance prevention of physical and sexual abuse.' This purpose is manifest in the emergency provisions of the Act [23 Pa. C.S.A. §§ 6107(b) and 6110] that enable a court to respond quickly and flexibly to advance warnings of abuse." *Eichenlaub v. Eichenlaub,* 340 Pa.Super. 552, 490 A.2d 918, 922 (1985) quoting *Commonwealth v. Allen,* 506 Pa. 500, 486 A.2d 363 (1984).

¶ 14 In furtherance of this goal, 23 Pa. C.S.A. § 6108(d) was recently amended (May 10, 2000, effective immediately) to increase the maximum duration period of the protection order from one year to 18 months. Certainly, the trial court's holding that an order purporting on its face to be in effect for one year from the date of the final hearing, which is then found by the court to have been in error does not further the goal of preventing abuse, and may have farther reaching implications. Conceivably, if the trial court's holding were to be affirmed and become precedential authority, the period of duration of *ALL* existing final protection orders entered subsequent to a temporary order, could be called into question.

¶ 15 Lastly, as a matter of practice, it is commonly accepted by both the bench and bar, and by extension the litigants, that the maximum duration period is calculated from the date of the final order. Although our appellate courts have not, until now, been called upon to address this issue di-

rectly, it is clear from our treatment of numerous procedural scenarios that we have discovered, that this Court has, at least tacitly, accepted the final order date as controlling the calculation of the duration of the order.[11]

¶ 16 Furthermore, the issue has been directly addressed by the Court of Common Pleas of Somerset County in *Stanton v. Stanton,* 13 Pa. D. & C.4[th] 444, 1991 WL 487496 (Somerset Cty.1991) cited by neither the trial court nor Appellant. In *Stanton,* a petition was filed on December 10, 1990 and a hearing was scheduled for December 20, 1990. At respondent's request, the case was continued and a final hearing was held on October 7, 1991 whereupon the court issued a final order. The court was then called upon to determine from which date the final order was to run. The court analyzed the issue as follows:

> We think the legislature intentionally differentiated between a "temporary order for protection from abuse" and a "protection order" in the statute. While the former is intended to provide temporary emergency relief until a hearing may be held on the merits, the latter, from a practical perspective, requires a hearing before much of the relief permitted by § 6108 may be granted. *See e.g.,* limitations spelled out in subsections (a)(4), (5) and (8) of § 6108. This is not to say that, in appropriate circumstances, the court would not be permit-

---

11. For instance, in *D.H. v. B.O.,* 734 A.2d 409, 409–410 (Pa.Super.1999) the petition was filed 5/26/98 at which time a temporary order was granted, a final hearing was held on 5/29/98 and the court entered a "permanent" order with a one year duration; *Heard v. Heard,* 418 Pa.Super. 250, 614 A.2d 255, 257–258 (1992) petition filed 7/24/90, temporary order granted 7/24/90, final hearing 8/10/90, one year order granted specifically to run until 8/10/91; *Leonard v. Smith,* 454 Pa.Super. 51, 684 A.2d 622, 623 (1996) petition filed 4/26/93, temporary issued 4/26/93, final hearing 5/4/93, final order by consent for one year; *Commonwealth v. Nelson,* 456 Pa.Super. 349, 690 A.2d 728, 730 (1997) petition filed 7/3/95, temporary order 7/3/95, hearing 7/13/95 with one year final order by consent; *Daily v. Daily,* 96 F.Supp.2d 463, 464 (E.D.Pa.2000) one year final order by consent 1/6/97, to expire on 1/7/98; second petition filed and final order entered 2/19/98, to run until 2/18/99, *id.* at 467; *R.G. v. T.D.,* 448 Pa.Super. 525, 672 A.2d 341, 342 (1996) petition filed 2/1/95, temporary entered 2/1/95, hearing 2/9/95, final order entered for one year; *Dye v. McCoy,* 423 Pa.Super. 334, 621 A.2d 144, 144 (1993) temporary order entered 2/19/92, final hearing 3/16/92, final order to remain in effect until 3/16/93; and *Egelman v. Egelman,* 728 A.2d 360, 361 (Pa.Super.1999) petition filed 10/2/95, final hearing 11/27/95, one year final order entered.

ted to consider requests for temporary custody or visitation rights in a temporary order. However, it is apparent to us that the intent of the legislature was to provide a responding party with an opportunity to be heard on all issues which may be raised and relief which may be requested before a final order may be entered.

In this case, this issue is especially critical to respondent, because the temporary order was entered nearly 10 months ago. If we were to find that the "run date" of the final order to be entered in this case related back to December 10, 1990, the order would expire December 10, 1991. On the other hand, if we were to rule that the "run date" begins as of the date the final order is signed, respondent will be subject to a protection order which will have a potential duration of nearly 22 months.

\* \* \*

Accordingly, because we find that there is a difference between a temporary order and a protection order, and because, although no limitation is placed on the duration of a temporary order, a protection order, once entered, may have a duration of up to one year, we find that the order to be entered in this case shall run from October 7, 1991.

*Id.* at 445–456.

¶ 17 Although of limited precedential value, the *Stanton* case provides a well reasoned analysis of the practical considerations facing the trial court. We believe it is instructive and persuasive, and expresses the predominant view of the trial bench in this Commonwealth.

¶ 18 For the reasons stated herein, we hold that the maximum duration period contained in 23 Pa.C.S.A. § 6108(d) applies to the date of the final order.[12] We thus hold that the petition for contempt in the

instant case was timely as a matter of law, and that therefore the trial court erred requiring reversal of the court's order.

¶ 19 Reversed and remanded for further proceedings. Jurisdiction relinquished.

¶ 20 KELLY, J., Concurs in the Result.

---

**12.** Again we note that § 6108(d) has been amended to provide a maximum period of 18 months. We emphasize that nothing expressed herein should be interpreted to limit a trial court's proper exercise of discretion to enter a final order for a period of less than the statutory maximum, nor the parties' ability to agree to a shorter period.