J-A14038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| H. B., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| L. F., | |
| Appellant | No. 1777 MDA 2015 |

Appeal from the Order Entered September 15, 2015
in the Court of Common Pleas of Centre County
Civil Division at No.: 2012-4656

BEFORE:  BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 05, 2016**

Appellant, L. F., appeals *pro se* from the trial court's order entering a final three-year protection from abuse (PFA) order in favor of Appellee, H. B., and the parties' minor daughter, A.B.  We affirm.

We take the relevant facts and procedural history of this case from the trial court's December 16, 2015 opinion and our independent review of the certified record.  The parties married in February 2007; early in the marriage, Appellant became verbally and physically abusive.  Appellant worked as a police officer in Milwaukee, Wisconsin, and because of the stress associated with his job, the couple relocated to a small town in Colorado.  Appellee became pregnant, and A.B. was born in January 2008.  Appellee

_____

[*] Retired Senior Judge assigned to the Superior Court.

moved with A.B. to Pennsylvania later that same year. The parties divorced in June 2009.

On December 17, 2012, Appellee filed a PFA petition. At the hearing, the parties agreed to the entry of a temporary eighteen-month PFA order. On July 2, 2014, Appellee filed a petition seeking continuation of the order. The hearing on the petition was continued several times, and the then-presiding judge recused herself from the case. The case was re-assigned, and the trial court conducted a hearing on the matter on June 8, 2015. The court entered a temporary order continuing the previous PFA order, and scheduled a final PFA hearing.[1]

At the September 10, 2015 hearing, Appellee provided extensive testimony regarding Appellant's abuse during their marriage, including: telling her to have an abortion when she was pregnant with A.B.; threatening to kill her while she was pregnant and to abort A.B. himself; throwing a mug of coffee at her and A.B.; and calling her derogatory names. Appellee testified that, during a November 1, 2008 incident, she called 911 after Appellant punched her in the chest.

Appellee testified that the parties had no contact in 2009. Appellant visited with A.B. once in 2010 and again in 2011. In 2012, Appellant was

---

[1] **See** 23 Pa.C.S.A. § 6107(b)(2), (c) (authorizing court to enter appropriate relief pending final PFA hearing); **see also Holderman v. Hagner**, 760 A.2d 1189, 1192 n.7 (Pa. Super. 2000).

ordered to pay child support, and he filed a petition to modify custody. On December 12, 2012, at a custody proceeding, the court determined that Appellant could have supervised visits with A.B.

Later that same day, Appellee was attacked by a man as she walked on a bike trail. The man approached her from behind, put his arm around her neck, and cut her neck with a knife. Appellant bit her attacker and he fled into the woods when another person approached on the trail. Appellee suffered a deep cut in her throat, close to an artery, requiring fifteen stitches. Law enforcement instructed her to go into hiding with A.B., and advised that they change their names. Appellee does not believe that Appellant attacked her himself, but thinks that he arranged the attack as a punishment.

Appellee also testified that on July 12, 2014, at a supervised visit between Appellant and A.B. at a visitation center where the parties were to have no contact, Appellant walked toward Appellee with a smirk on his face while A.B. cried. Appellant stopped approaching them only when Appellee took pictures of him with her phone.

Appellant testified at the hearing and stated that he resigned from his position at the police department in Colorado following his arrest in the November 2008 incident to avoid being fired. He averred that, during the incident, he merely pushed Appellee away from him using the minimum force necessary after she became aggressive.

On September 15, 2015, the trial court entered its final PFA order in favor of Appellee and A.B., effective from September 10, 2015 through September 10, 2018, directing Appellant to refrain from abusing Appellee and A.B. The order prohibits Appellant from having any contact with Appellee, and allows him limited contact with A.B. at a visitation center and though Skype, in accordance with a previous custody order. (*See* Final PFA, 9/15/15, at 1, 3). This timely appeal followed.[2]

Appellant raises the following issues for our review:

1. Did the trial court abuse its discretion and act in a manifestly unreasonable manner by entering a three[-]year final protection from abuse order against the Appellant?

2. Did the trial court abuse its discretion and act in a manifestly unreasonable manner by granting the Appellee relief in the form of a three year final protection from abuse order, when the only specific instance of abuse that was found by the trial court was an alleged incident over seven years old and thereby the final protection from abuse order could not have the purpose of ceasing abuse as is demanded by 23 Pa.C.S.A. § 6108(a), as no abuse was found by the court as having taken place for over seven years?

3. Did the trial court abuse its discretion and act in a manifestly unreasonable manner by entering into a three year final protection from abuse order against the Appellant as relief for an alleged incident that occurred over seven years ago and therefore cannot be an instance in which the trial court is reasonably providing advance prevention of physical or sexual abuse?

4. Did the trial court abuse its discretion and act in a manifestly unreasonable manner by finding that there was a continued pattern of

_____

[2] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on November 10, 2015. The court entered an opinion on December 16, 2015. *See* Pa.R.A.P. 1925.

behavior by the Appellant that demonstrated a continued risk to both [Appellee] and the parties' daughter based on unspecified evidence presented to the court during the hearing on June 8, 2015, when a review of the transcript of June 8, 2015 does not reasonably show that there is a continued pattern of behavior that demonstrates a continued risk to the Appellee or the parties' daughter?

(Appellant's Brief, at 9-10) (unnecessary capitalization omitted).[3]

"We review the propriety of a PFA order for an abuse of discretion or an error of law." **Ferko-Fox v. Fox**, 68 A.3d 917, 920 (Pa. Super. 2013) (citation omitted).

In his first issue, Appellant argues the trial court abused its discretion in entering the PFA order where Appellee's testimony describing the abuse was uncertain and contradictory, and she did not contemporaneously report the abuse to authorities. (**See** Appellant's Brief, at 14-17). In support of this contention, he excerpts portions of Appellee's allegedly inconsistent testimony. (**See id.** at 16). This issue is waived on multiple bases.

First, Appellant did not include this claim in his Rule 1925(b) statement. (**See** Rule 1925(b) Statement, 11/10/15, at 1-3). It is well-settled that "[i]ssues not included in the [Rule 1925(b)] Statement . . . are waived." Pa.R.A.P. 1925(b)(4)(vii); **see also Lazarski v. Archdiocese of Philadelphia**, 926 A.2d 459, 464 (Pa. Super. 2007), *appeal denied*, 937

_____

[3] The argument section of Appellant's brief does not comply with Pennsylvania Rule of Appellate Procedure 2119(a) in that it fails to "have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein[.]" Pa.R.A.P. 2119(a); (**see** Appellant's Brief, at 14, 17-19). Despite this defect, we will address Appellant's issues to the extent we are able to discern them.

A.2d 446 (Pa. 2007). Although Appellant indicates in his brief that he preserved this issue in the second paragraph of his concise statement, (***see*** Appellant's Brief, at 15), our review shows that the paragraph contains only a boilerplate definition of the term "abuse of discretion;" it makes no reference whatsoever to Appellee's allegedly incredible testimony. (***See*** Rule 1925(b) Statement, at 1 ¶ 2). Therefore, this issue is waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii).

Furthermore, Appellant's argument is undeveloped and does not contain discussion of pertinent legal authority, in violation of Pennsylvania Rule of Appellate Procedure 2119. (***See*** Appellant's Brief, at 14-17); ***see also*** Pa.R.A.P. 2119(a)-(b); ***Eckman v. Erie Ins. Exchange***, 21 A.3d 1203, 1208 (Pa. Super. 2011) (stating argument "not supported by pertinent authority . . . is waived.") (citation omitted). Instead, Appellant's purported legal argument consists only of the definition of "abuse of discretion;" he makes no attempt to connect pertinent legal authority to the facts of this case. (***See*** Appellant's Brief, at 15). We are cognizant of the fact that Appellant proceeds in this appeal *pro se*. However,

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.***; ***Commonwealth v. Lyons***, 833 A.2d 245 (Pa. Super. 2003). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. ***Id.*** at 252. To the contrary, any person choosing to represent himself in a legal proceeding

- 6 -

must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007) (case citation omitted). Accordingly, Appellant's first issue is waived for his failure to develop it, as well. *See* Pa.R.A.P. 2101, 2119(a)-(b).

In his second issue, Appellant argues the trial court erred in entering the PFA order where the only alleged incidents of abuse occurred more than seven years before the PFA hearing and the court did not find that he committed any recent acts of abuse. (*See* Appellant's Brief, at 17-18). This claim is waived and would not merit relief.

First, in Appellant's one-half page argument on this issue, he fails to develop this claim with citation to, and discussion of, pertinent legal authority. (*See id.*). The argument contains only a brief quotation of section 6108 of the PFA Act, unaccompanied by any discussion of relevant law or the facts of this case. (*See id.*). Thus, he waived this undeveloped issue for purposes of appeal. *See* Pa.R.A.P. 2119(a), (b); 2101.

Moreover, his claim would not merit relief. Section 6108 of the PFA Act provides, in relevant part:

> **(a) General rule.**—The court may grant any protection order or approve any consent agreement to bring about a cessation of abuse of the plaintiff or minor children. The order or agreement may include:
>
> > (1) Directing the defendant to refrain from abusing the plaintiff or minor children.

* * *

(4) Awarding temporary custody of or establishing temporary visitation rights with regard to minor children. . . .

* * *

(6) Prohibiting the defendant from having any contact with the plaintiff or minor children, including, but not limited to, restraining the defendant from entering the place of employment or business or school of the plaintiff or minor children and from harassing the plaintiff or plaintiff's relatives or minor children.

* * *

**(d) Duration and amendment of order or agreement.—**A protection order or approved consent agreement shall be for a fixed period of time not to exceed three years. . . .

23 Pa.C.S.A. § 6108(a)(1),(4),(6), (d).

The PFA Act defines the term "Abuse" in pertinent part as follows: "Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury." 23 Pa.C.S.A. § 6102(a)(5).

With respect to the timing of a defendant's abusive conduct, this Court has stated:

. . . [I]t [is] within the trial court's discretion to hear any relevant evidence that would assist it in its obligation to assess [an] appellee's entitlement to and need for a protection from abuse order. If the trial court [finds] the testimony to involve events too distant in time to possess great relevance to the case, it [can] certainly . . . assign[] less weight to the

testimony. However, it [is] not an abuse of discretion for the trial court to hear the evidence. **Past abusive conduct on [an] appellant's part [is] a crucial inquiry necessary for entry of a proper order**.

***Raker v. Raker***, 847 A.2d 720, 726 (Pa. Super. 2004) (citation omitted; emphasis added) (finding appellant's argument that testimony regarding previous incidents of abuse too remote to be considered by court meritless).

Here, Appellee testified at length regarding Appellant's controlling behavior and verbal abuse, and indicated that he berated her with derogatory comments on a daily basis during their marriage. (**See** N.T. Hearing, 9/10/15, at 27-28). Appellant's behavior grew increasingly intimidating and volatile, and he threatened to kill her while she was pregnant, and to abort A.B. himself. (**See id.** at 29-31, 48). The abuse became physical, and Appellee described instances during which Appellant knocked a metal clothing rack on her, and threw a mug of coffee at her and A.B. when A.B. was a few weeks old. (**See id.** at 31-34). In November of 2008, Appellant punched Appellee in the chest, knocking her to the floor and the breath out of her lungs; police arrested him as a result. (**See id.** at 35-36, 62-63).

Appellee further testified that in December of 2012, in the afternoon following a custody proceeding, an unidentified assailant attacked her with a knife. (**See id.** at 41-43). She suffered a deep cut in her throat very close to an artery, requiring fifteen stiches. (**See. id.** at 43-44). Although Appellee does not think Appellant was the assailant, she believes he arranged the attack through contacts he developed working as an

undercover police officer. (*See id.* at 43). Appellee and A.B. went into hiding on the advice of law enforcement as a result of the incident. (*See id.* at 44). In July 2014, during a supervised custody visit at which the parties were to have no contact, Appellant exhibited menacing behavior towards Appellee, walking towards her and smirking while A.B cried. (*See id.* at 61-62, 71-73). Appellee averred that she is afraid of Appellant and cannot trust him because of his pattern of volatile and abusive behavior, which shows that he is capable of extreme violence. (*See id.* at 44-45, 48).

After considering the testimony at the hearing, the trial court determined that Appellant had engaged in a course of conduct towards Appellee and A.B. that would place them in reasonable fear of bodily injury, and it issued an order in accordance with section 6108 of the PFA Act. *See* 23 Pa.C.S.A. §§ 6108, 6102; (*see also* Trial Ct. Op., at 4-5; Final PFA Order, 9/15/15, at 1-5). After review of the record, we discern no basis on which to disturb the trial court's determination. *See Ferko-Fox*, *supra* at 920. Appellant's second issue is waived and would not merit relief.

In his third issue, Appellant argues the trial court abused its discretion in entering the PFA order where the purpose of the PFA Act is not to penalize past conduct, but to prevent future abuse. (*See* Appellant's Brief, at 18-19). In his fourth issue, Appellant contends that the court abused its discretion in continuing the temporary PFA order at the June 8, 2015 hearing. (*See id.* at 19). These issues also are waived.

Specifically, Appellant did not assert that the court's PFA order is punitive and inconsistent with the purpose of the Act in his Rule 1925(b) statement. (**See** Rule 1925(b) Statement, 11/10/15, at 1-3). Nor did he include any claim regarding continuation of the temporary order. (**See id.**). Therefore, his final two issues on appeal are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **Lazarski**, **supra** at 464. Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2016