J-S45001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JULIE L. POLITO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM J. POLITO | : | |
| | : | |
| Appellant | : | No. 1308 MDA 2025 |

Appeal from the Order Entered August 20, 2025
In the Court of Common Pleas of York County
Civil Division at No: 2020-FC-000729-03

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED: MARCH 2, 2026**

In this *pro se* appeal, William J. Polito (Appellant) seeks review of a custody order entered by the Court of Common Pleas of York County (trial court). Appellant was granted partial physical custody of his minor child, T.B.P., in 2023, and the child's mother, Julie L. Polito (Appellee), was granted primary physical custody. Protracted litigation ensued, resulting in the order on review (entered on August 18, 2025), which reaffirmed the prior order and found Appellant in contempt. Appellant now argues, in relevant part, that the subject order is deficient because the trial court did not rule on his own cross-petition to hold Appellee in contempt. Finding partial merit in that argument, we must quash this appeal as interlocutory and remand the case so that all claims between the parties may be fully disposed of.

---

[*] Retired Senior Judge assigned to the Superior Court.

The trial court has aptly summarized the pertinent case facts in its opinion as follows:

The parties are the natural parents of child T.B.P. [also referred to herein as "Child"] who is 11 years old. [Appellee] lives in Arizona, and [Appellant] lives in Pennsylvania. Parties have a lengthy history before this court. As relevant to this appeal, on July 24, 2024 and August 18, 2025, the parties were before the court on [Appellee's] petition for special relief, contempt, and petition to modify custody related to the court's final custody order of September 5, 2023 and its order on special relief entered on December 29, 2023.

Regarding [Appellee], the September 5, 2023 order permitted her to relocate to Arizona and granted her primary physical custody. Regarding [Appellant], the September 5, 2023 order granted him partial physical custody of T.B.P. on fall and spring breaks, Christmas/winter breaks, and during summer breaks. Also, [Appellant] was ordered to pay for Child's transportation costs to and from Arizona on fall and spring breaks, returning Child the day before school starts. The order contained provisions requiring parties to consider T.B.P.'s welfare and convenience in addressing the custody schedule and any changes and not to make disparaging remarks about the other parent.

The December 29, 2023 order on special relief and contempt amended the September 5, 2023 custody order, requiring the parties to use OurFamilyWizard [("OFW")] for communication regarding T.B.P. The order also provided that Child's flights did not have to be nonstop flights. Finally, the order "direct[ed] that communications with the child shall occur such that he's able to have private communications with the other parent whenever possible."

[Appellee's] petitions were filed on April 17, 2024. Subsequently, an interim custody order entered on May 21, 2024 suspended [Appellant's]s rights of partial physical custody. At the first day of trial, on July 24, 2024, after the court interviewed T.B.P. *in camera,* the parties agreed to continue the matter to allow time for Child's and [Appellant's] individual therapy, [Appellant's] psychological evaluation, and reunification counseling for [Appellant] and T.B.P., which the court ordered. Also, an active

- 2 -

Protection From Abuse (PFA) order against [Appellant], in favor of [Appellee], was issued in Arizona and is in effect from July 2024 to July 2026.

After insufficient progress was made relative to reunification counseling, **on April 10, 2025, [Appellant] filed but did not present a petition for special relief, to obtain the transcript of T.B.P.'s testimony from July 24, 2024, and for contempt to preserve argument**. [Appellee] responded by filing another petition for special relief, requesting that the matter be scheduled for trial. Thus, at a status conference on April 29, 2025, the parties agreed that the matter required a trial, which the court scheduled for August 18. 2025.

**The August 18, 2025 order, which is the subject of this appeal, continued the suspension of [Appellant's] partial physical custody and suspended reunification counseling. The order also found [Appellant] in contempt of the September 5, 2023 custody order, which was affirmed with modification by the May 21, 2024 interim order, which was adopted as a final order on August 18, 2025. The order did not indicate whether the court found [Appellee] in contempt.** [Appellant] appealed the court's finding that he was in contempt. As relevant to this appeal, [Appellee's] petition for contempt alleged that [Appellant] had violated the Welfare of the Child To Be Considered provision, the Physical Custody provision, and the Disparaging Remarks provision attached to the September 5, 2023 order and the requirement to use OFW for communication in the December 29, 2023 order. [Appellee] alleged that the violations were in connection with T.B.P. 's missed flight to her home from [Appellant's] home after [Appellant's] period of custody during spring break in March 2024. [Appellee] believes [Appellant] missed the flight intentionally.

* * * *

**The court found T.B.P.'s and [Appellee's] testimony credible. The court found [Appellant's] testimony far less credible.** Even though Child's flight was changed, apparently to an earlier departure time, [Appellant's] testimony did not address the Child's testimony that the front desk agent indicated that they would hold the flight and Child could still make the flight. Based on unrefuted testimony, it appears that [Appellant] chose to take a flight the following day, knowing that Child was already at the

- 3 -

airport and could make the flight and knowing that [Appellee] was in the airport in Atlanta waiting. [Appellant's] testimony that he both knew [Appellee] was going to be in Atlanta and that she kept saying that she would not be in Atlanta is contradictory.

It appears from [Appellant's] testimony that he chose not to tell the airline that [Appellee] would be in Atlanta to meet T.B.P. The court found that [Appellant] did not consider T.B.P.'s welfare in this custody exchange with [Appellee] and that he disparaged [Appellee] by telling Child that she did not do things right and that he would be taken away from her, upsetting T.B.P. in the process.

The court notes that even with the delay, [Appellant] did return Child by the time specified in the order and paid for tickets as ordered. Compliance with these provisions notwithstanding, **the court found [Appellant] in contempt for the airport incident in relation to the provisions regarding considering the child's welfare and the provision forbidding disparaging the other parent**. The court issued sanctions pursuant 23 Pa.C.S. § 5323(g) to encourage [Appellant's] compliance with its orders going forward. The court chose a sanction that was equivalent to the out-of-pocket costs [Appellee] incurred from having to spend the night in Atlanta. [Appellant's] *pro se* appeal followed.

Trial Court 1925(a) Opinion, 10/8/2025, at 1-7 (internal citations and footnotes omitted, emphasis added).

Appellant now raises three claims in his brief:

1. Whether the trial court committed an error of law by failing to address Appellant's petition for contempt in its final order[.]

2. Whether the trial court abused its discretion by misapplying the September 5, 2023 custody order and finding Appellant in contempt for conduct unrelated to that order[.]

3. Whether the trial court denied Appellant due process by refusing to allow an investigation into parental alienation and failing to consider expert evidence recommending such investigation[.]

Appellant's Brief, at 1-3.

Appellant's first claim – which we find dispositive – is that the trial court erred in issuing the subject custody order without ruling on Appellant's cross-petition to hold Appellee in contempt.

A trial court's rulings with respect to a contempt petition will not be disturbed absent an abuse of discretion. **See Guadagnino v. Montie**, 646 A.2d 1257, 1259 (Pa. Super. 1994). An abuse of discretion occurs when the trial court overrides or misapplies the law, its judgment is manifestly unreasonable, or the evidence shows that the court's decision is the result of partiality, prejudice, bias, or ill will. **See Holderman v. Hagner**, 760 A.2d 1189, 1192 (Pa. Super. 2000).[1]

Here, although Appellant has not framed his claim as a jurisdictional issue, the lack of a ruling on his cross-petition for contempt implicates this Court's authority to consider the merits of his appeal. "The question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*." **In re Navarra**, 185 A.3d 342, 348 (Pa. Super. 2018). For such issues, "[o]ur standard of review is *de novo*, and our scope of review is

_____

[1] A party may be found in contempt for noncompliance with a custody order. **See** 23 Pa.C.S.A. § 5323(g). A finding of civil contempt is sustained where three elements are proven by a preponderance of the evidence:

> (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent.

**P.H.D. v. R.R.D.,** 56 A.3d 702, 706 n.7 (Pa. Super. 2012) (citation omitted).

plenary." ***Paluti v. Cumberland Coal LP***, 122 A.3d 418, 423 (Pa. Super. 2015).

This Court only has the authority to consider the merits of an appellate claim when review is sought from:

> (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

***Stahl v. Redcay***, 897 A.2d 478, 485 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007) (quoting ***Pace v. Thomas Jefferson Uni. Hosp.***, 717 A.2d 539, 540 (Pa. Super. 1998) (internal citations omitted)).

The Pennsylvania Rules of Appellate Procedure in effect at the relevant times have defined an appealable "final order" as follows:

> **a) General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
>
> **(b) Definition of final order.** A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) (Rescinded);
>
> (3) is entered as a final order pursuant to subdivision (c) of this rule; or
>
> (4) is an order pursuant to subdivision (f) of this rule.
>
> **(c) Determination of Finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim . . . **the trial court** . . . **may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the**

**entire case. Such an order becomes appealable when entered. <u>In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims . . . shall not constitute a final order</u>.**

Pa.R.A.P. 341(a)–(c) (emphasis added).

Appellant and Appellee both filed cross-petitions in this case alleging that the other was in contempt of a binding custody order. Each cross-petition was filed at the same docket number (No. 2020-FC-729-03), and none of their respective claims were ever severed by court order, much less split into separate, independent actions.

Appellant's claims were asserted in his "Petition for Special Relief," which contained the count, "Petition for Contempt – Preserve Argument." *See* Petition for Special Relief, 4/10/2025, at paras. 20-30. Appellant alleged that Appellee should be held in contempt because she did not ensure T.B.P.'s privacy during phone calls with Appellant, instead surreptitiously listening in on the calls or allowing the child's step-father to be present. Appellant alleged further that Appellee was encouraging T.B.P.'s separation from him. *See id*.[2]

Despite having filed a cross-petition, Appellant stated, through counsel, at the status hearing held on April 29, 2025, that he did not wish to present the issue of Appellee's alleged contempt at that time. Further, at the trial held on August 18, 2025, Appellant did not ask the trial court to hold Appellee in contempt after the trial court advised the parties that they would only be

---

[2] In addition, Appellant's petition included a request for the trial court to approve reunification counseling. *See* Petition for Special Relief, 4/10/2025, at paras. 1-15.

proceeding that day on Appellee's cross-petition. And after finding Appellant to be in contempt, when he was asked if he had any questions, he responded through counsel that he did not.

However, Appellant *did* make it clear to the trial court that he did not wish to waive the claim in his cross-petition to hold Appellee in contempt. As Appellant stated in his petition, and as his counsel stated to the trial court, Appellant sought to "preserve an argument for contempt." N.T. Status Hearing, 4/29/2025, at 2. Accordingly, Appellant did abandon or otherwise waive the claims in his cross-petition to hold Appellee in contempt, as the trial court seems to suggest in its 1925(a) opinion. **See** Trial Court Opinion, 10/8/2025, at 10-11.[3]

_____

[3] We further note that, under the severance rule, Pa.R.Civ.P. 213(b), the trial court "may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues." Where a cause of action or claim has been severed, the severance splits it into an independent action "for all purposes, including trial and appellate procedure." **Stevenson v. General Motors Corp**., 521 A.2d 413, 417 (Pa. 1987) (quoting **Kaiser v. Meinzer**, 414 A.2d 1080, 1085 (Pa. Super. 1979), *appeal dismissed*, 445 A.2d 104 (Pa. 1982)). "Hence, when two related causes of action have been severed, a final order disposing of only one of them is not interlocutory despite the fact that the other is outstanding." **DiDio v. Phila. Asbestos Corp.**, 642 A.2d 1088, 1093 (Pa. Super. 1994).

The present case is not governed by Rule 213(b) because Appellant's petition for contempt was not severed, as he had only advised the trial court that, at the time of the trial held on April 29, 2025, he did not intend to present any argument on his own contempt claim against Appellee, and he intended to assert the claim for "preservation" purposes. The trial court held a separate
*(Footnote Continued Next Page)*

It follows that Appellant has sought review of an interlocutory order which, for purposes of Pa.R.A.P. 341 is non-final and not immediately appealable. Additionally, we find that none of the exceptions to the finality requirement of Pa.R.A.P. 341 are implicated by the facts of this case. The order was neither interlocutory nor collateral, and the trial court made no express determination of finality. *See* Pa.R.A.P. 341(b)-(c). Having determined that this appeal must be quashed as interlocutory due to our lack of jurisdiction, we cannot consider the merits of Appellant's remaining claims at the present juncture.

Appeal quashed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

---

trial on Appellee's cross-petition, but Appellant's cross-petitions remained on the same docket, and no severance order was entered. Thus, the present case does not implicate Rule 213, and the lack of a ruling on Appellant's petition for contempt prevents the order on review from being appealable as a final order. *See e.g., McCutcheon v. Phila. Elec. Co.*, 788 A.2d 345, 350 n.8 (Pa. 2002) (rejecting argument that unresolved cross-claims of parties were severed from matters disposed of in appealed order because "[t]he trial court's language and the manner by which it decided the cross-claim would proceed did not split the cross-claim from the other claims into an independent action for all purposes."); *see also Radzierez v. Kunkle*, No. 1157 EDA 2024 (Pa. Super. filed May 22, 2025) (unpublished memorandum) (quashing appeal for lack of final order because trial court did not "sever" claims into two independent actions, and "both sets of claims remained on the same docket").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>03/02/2026</u>