522 A.2d 1143

**COMMONWEALTH of Pennsylvania**

v.

**Clifford B. WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 18, 1986.

Filed March 23, 1987.

Walter A. Steinbacher, Assistant Public Defender, Williamsport, for appellant.

Brett O. Feese, District Attorney, Kristine L. Waltz, Assistant District Attorney, Williamsport, for Com., appellee.

Before WIEAND, MONTEMURO and JOHNSON, JJ.

MONTEMURO, Judge:

Appellant, Clifford B. Williams, challenges the denial of his motion to dismiss. Appellant believes that any attempt to prosecute him in this case violates his right not to be placed twice in jeopardy for the same offense. The Lycoming County Court of Common Pleas disagreed and characterized appellant's double jeopardy argument as "frivolous." Because this appeal is interlocutory, we must quash for lack of jurisdiction.

The Commonwealth seeks to prosecute appellant for the first of three disturbances in which appellant was involved

on the night of June 15 and 16, 1985. Appellant pled guilty on August 2, 1985 to a disorderly conduct charge that arose from the second disturbance, and the court on November 18, 1985 dismissed the charges that arose from the third disturbance because of the Commonwealth's failure to comply with Pa.R.Crim.P. 130(d). In his motion to dismiss the present case, appellant claims that the earlier prosecutions for the second and third disturbances bar prosecution for the first. The trial court nonetheless denied the motion by order of December 23, 1985, and a timely notice of appeal followed. On July 1, 1986, the trial court filed an opinion in support of its order. In this opinion, the court concluded that "the defendant's motion to dismiss on double jeopardy grounds is frivolous."

Our supreme court in *Commonwealth v. Brady*, 510 Pa. 336, 346, 508 A.2d 286, 291 (1986), concluded that "an appeal from the denial of a motion to dismiss on double jeopardy grounds should not be permitted where the hearing court has considered the motion and made written findings that the motion is frivolous." The court reasoned that immediate appellate review of "obviously frivolous" double jeopardy claims encourages dilatory defense tactics and compromises the interest of the public in "the prompt trial of the criminally accused." *Brady, supra*, 510 Pa. at 346, 508 A.2d at 291. The reasoning and result in *Brady* apply to the present case. As in *Brady*, the trial court's written finding of frivolousness renders this appeal interlocutory. Appellant therefore must await final judgment before he can seek appellate review of his double jeopardy claim. He can challenge the finding of frivolousness only by requesting a stay directly from the supreme court. *See Commonwealth v. Learn*, 356 Pa.Super. 382, 514 A.2d 910 (1986).

For the foregoing reasons, we quash this appeal as interlocutory.

Appeal quashed.