552 A.2d 292

**COMMONWEALTH of Pennsylvania**

v.

**Eugene SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 31, 1988.

Filed Dec. 30, 1988.

Rochelle S. Friedman, Pittsburgh, for appellant.

Terrance G. Faye, Assistant District Attorney, Greensburg, for Com., appellee.

Before CIRILLO, President Judge, and ROWLEY and TAMILIA, JJ.

ROWLEY, Judge:

This is an appeal from an order denying appellant's motion to quash criminal charges alleging that the prosecution is barred on grounds of double jeopardy. The sole question presented is whether a consent agreement entered into by a husband and wife, pursuant to the Protection From Abuse Act,[1] creates a bar to criminal prosecution for the crimes alleged to have occurred out of the same conduct which brought about the consent agreement. We conclude that it does not.

This case arose out of a domestic dispute which occurred on March 15, 1987, between appellant, Eugene Smith, and his wife, Diann Marie Smith. The parties were living separately, each residing with one of their two minor children; their daughter with Diann and their son with appellant. It is alleged that while transporting the couple's son to Diann for a visit, appellant struck Diann with his vehicle and struck her about the head and neck with his opened hand and closed fist. The police arrested appellant later that night on two counts each of simple assault and aggravated assault. An additional charge of recklessly endangering another person was filed on April 7, 1987, also stemming from the incident on March 15, 1987.

On March 19, 1987, Diann filed a petition pursuant to the Protection From Abuse Act (PFA) in the Court of Common Pleas, Civil Division, Westmoreland County at No. 1744 of

1. 35 P.S. § 10181, et seq.

1987. On the following day, Diann and appellant entered into a consent agreement under the PFA which was approved and made a part of the trial court's order of May 8, 1987. Appellant has not, according to the record presently before the Court, ever been found in contempt of that order.

On May 26, 1987, the District Attorney of Westmoreland County filed an Information/Indictment against appellant for the charges that were filed pursuant to the incident which occurred on March 15, 1987. Appellant filed an omnibus pre-trial motion which included, *inter alia,* a motion to quash the information on grounds of double jeopardy, based upon the prior resolution of the PFA proceedings. After a hearing on the motion, the trial court denied the motion to quash. The trial court held that the PFA is a civil action, and therefore, appellant had not been subjected to a previous criminal prosecution. Appellant now appeals from that order.

■ Initially, we must determine whether this appeal is properly before us. We note that the trial court has made no finding that appellant's claim of double jeopardy was frivolous. In *Commonwealth v. Brady,* 510 Pa. 336, 508 A.2d 286 (1986), our Supreme Court reevaluated its position on interlocutory appeals alleging double jeopardy. The Court concluded that "an appeal from the denial of a motion to dismiss on double jeopardy grounds should not be permitted where the hearing court has considered the motion and made written findings that the motion is frivolous." *Id.,* 510 Pa. at 346, 508 A.2d at 291. *See also Commonwealth v. Williams,* 361 Pa.Super. 501, 522 A.2d 1143 (1987). Because the trial court has made no finding of frivolousness in the instant case, the court's order denying the motion to dismiss on double jeopardy grounds is final and properly before us. However, the only issue ripe for review is the question of double jeopardy and we limit our review of appellant's arguments accordingly.

■ Appellant contends that the Protection From Abuse Act is a criminal proceeding, with warrantless arrests being authorized by 18 Pa.C.S. § 2711. He argues that because

the PFA proceedings were terminated by an order of the trial court confirming a consent agreement, the criminal charges based upon the same factual episode must be dismissed. In support of his argument, he cites *Commonwealth v. Allen*, 506 Pa. 500, 486 A.2d 363 (1984), *cert. denied*, 474 U.S. 842, 106 S.Ct. 128, 88 L.Ed.2d 105 (1985), and claims that the Pennsylvania Supreme Court has ruled that the PFA is a criminal proceeding. Appellant's reliance is misplaced.

In *Allen*, the defendant had been enjoined from physically abusing or harassing his wife, pursuant to the PFA. Approximately one month after entry of the order, Allen forcibly entered his wife's home and physically abused her. He was subsequently arrested and charged with criminal trespass and simple assault. A charge of rape was later filed and consolidated with the other charges. Several days after Allen's arrest, his wife filed a petition requesting that Allen be found in contempt of the PFA order. After a hearing, the trial court found Allen in contempt of the order and ordered him to pay a fine of $750 plus costs.

Subsequently, Allen filed a motion to quash the criminal informations arguing that the prosecution was barred on double jeopardy grounds by the prior adjudication of the contempt proceeding. The trial court denied the motion and Allen appealed. The Superior Court granted Allen partial relief, agreeing that the criminal contempt and the charge of simple assault involved the same elements, thus barring prosecution for simple assault. The Court reversed that portion of the trial court's order and affirmed as to the other charges. Cross-appeals were heard by the Supreme Court which reversed this Court's decision, holding that indirect criminal contempt and simple assault do not contain the same elements and vindicate different public interests. Therefore, the Court held, a finding that Allen was in contempt of the PFA order did not bar subsequent prosecution of the simple assault charge.

Apparently, appellant believes that the Supreme Court's finding the contempt order not civil, but criminal, is tanta-

mount to ruling that the PFA itself is a criminal proceeding. That reading is incorrect. The question in *Allen* was whether a criminal contempt citation would bar subsequent prosecution of a simple assault charge. The Commonwealth had argued that the contempt citation involved was civil, not criminal, and that no jeopardy attached with the contempt citation. The Court held that the contempt was criminal contempt because it was used to protect the dignity and authority of the court and the interest of the general public; and that it was indirect criminal contempt because it was outside the actual presence of the court. The Court noted that in order for jeopardy to attach, the contempt complained of had to be criminal in nature and not civil. *Id.*, 506 Pa. at 511, 486 A.2d at 368. In determining whether the prosecution was barred on double jeopardy grounds, the Court applied the test enunciated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

*Allen, supra,* 506 Pa. at 510, 486 A.2d at 368. The Court went on to hold that the contempt order's purpose was protection of the Court's dignity and enforcement of its order, not punishment for the assault. The contempt proceeding required finding an element separate from the assault charge, willful disobedience of the court's order. Therefore, the prosecution on the criminal assault charge after the finding of contempt of the court's order did not violate double jeopardy. *Id.*, 506 Pa. at 514, 486 A.2d at 370.

In the instant case, there has been no determination of contempt under the protection from abuse order. Rather, appellant complains that it was the entry of the protection from abuse order which was the final disposition of a

criminal prosecution. He argues that since the decision of *Allen*, the legislature has enacted 18 Pa.C.S. § 2711, which was in effect at the time of this incident, and which provides for the warrantless arrest of persons who have committed acts of domestic violence, although outside of the officer's presence. Appellant argues that the procedures included in that statute have transformed the PFA into a criminal statute, providing for arrest, arraignment before a magistrate, bail and notice to the victim of his or her rights under the PFA. Therefore, he concludes, the legislature has set forth a criminal procedure to address domestic violence, and once proceedings under the PFA are concluded, the Commonwealth is barred from prosecuting any further charges based upon that same conduct. We find the claim without merit.

Section 2711 of the Crimes Code provides for the warrantless arrest, upon probable cause, that the actor has committed involuntary manslaughter, simple assault, aggravated assault [under § 2702(a)(3), (4) or (5) ] or reckless endangerment of another person, against his or her spouse or other person with whom he or she resides, even though the offense did not take place in the officer's presence. The statute further provides that the actor is entitled to a preliminary arraignment by the proper issuing authority and the right to post bond, subject to the issuing authority's determination of whether the actor poses a threat of danger to the victim. The statute also provides that the officer should notify the victim of the availability of a shelter in the community and the rights available to a victim of domestic abuse under the PFA.

At the time § 2711 was adopted, all of the crimes mentioned in the statute were misdemeanors.[2] Pa.R.Crim.P. 101 allows an arrest without a warrant on probable cause when the offense is a misdemeanor not committed in the presence of the officer only when such arrest is specifically

---

**2.** 18 Pa.C.S. § 2702 was amended Dec. 11, 1986, P.L. 1517, No. 164, § 1, changing the grading of aggravated assault under subsection (a)(3), (4) and (5) from misdemeanors of the first degree to felonies of the second degree.

authorized by statute. *See, e.g.,* 75 Pa.C.S. § 3731(c) (police officer authorized to arrest without a warrant any person he or she has probable cause to believe was operating a motor vehicle under the influence); *and* 18 Pa.C.S. § 3904 (law enforcement officers have the same right to arrest without a warrant for any grade of theft as exists in the case of the commission of a felony). In enacting § 2711, the legislature was authorizing warrantless arrests in cases of domestic violence in which one of the above mentioned crimes occurred. Prior to the enactment of that provision, police were not foreclosed from prosecuting persons who committed acts of domestic violence and were the subjects of PFA orders. *See Allen, supra.* They merely did not possess the authority to arrest suspects who had not committed the criminal acts in their presence, or without first obtaining a warrant. *See* Comment, *Spouse Abuse: A Novel Remedy For a Historic Problem,* 84 Dick.L.R. 147, 155 (1978). This statute added to the list of offenses which allow police officers to make warrantless arrests. Although this statute may advance one of the legislative interests behind the PFA; i.e., quick and responsive action in cases of domestic violence, *(see Eichenlaub v. Eichenlaub,* 340 Pa.Super. 552, 560–561, 490 A.2d 918, 922 (1985)), it does not create a new class of criminal offenses. Rather, it provides for the immediate arrest of a person whom the officer has probable cause to believe has committed one or more of the listed offenses.

Appellant further argues, however, that § 2711 also requires the officer to provide notice to victims of domestic violence of their rights under the PFA, and that excluded from that list is "the right to file a criminal complaint for the same underlying offenses of domestic violence." Appellant ignores the plain reading of the statute. It requires an officer to notify the victim of his or her *rights under the PFA;* i.e., the right to file a petition from abuse, which could include restraining the abuser from further abuse, directing the abuser to leave the household, prevent the abuser from entering the residence, school, business or place of employment; award custody or visitation of any

minor children involved; or direct the abuser to pay support to the victim or any minor children involved. The fact that the legislature omitted the right to file a criminal complaint from the list of rights under the PFA does not mean that the legislature has revoked such rights. The PFA specifically provides that, "Any proceeding under this act shall be in accordance with the Rules of Civil Procedure and *shall be in addition to* any other available civil or criminal remedies." 35 P.S. § 10189. Moreover, appellant ignores the fact that the arresting officer has as much right to file a criminal complaint in these cases as a victim, which is what occurred in the instant case. *See* Pa.R.Crim.P. 133.

In short, appellant's appraisal of the PFA is in error. The primary purpose of the act is not retrospective punishment, but rather, advance prevention of physical and sexual abuse. *Eichenlaub, supra,* 340 Pa.Superior Ct. at 560, 490 A.2d at 922. As the Court in *Allen* had occasion to explain:

> To hold criminal prosecutions barred by a finding of indirect criminal contempt would either gravely impair the Commonwealth's interest in punishing crime or severely restrict the practical utility of the Protection From Abuse Act. Advance prevention of physical and sexual abuse is the primary goal of the legislature in passing the Abuse Act. To preclude subsequent prosecutions for assault (or rape or sexual abuse of children) after a finding of contempt would encourage abusive persons to continue violent criminal actions against their spouses or children without risking any penalty more severe than the six months the Act provides for contempt. In the alternative, victims, courts and prosecutors would be forced to forgo the only sanction against violation of orders under the Protection From Abuse Act—its contempt provisions—in order to punish an assaultive spouse.

*Id.,* 506 Pa. at 515, 486 A.2d at 370. We believe that the same policy concerns hold true in the present context. Accordingly, we find that the trial court did not err in denying appellant's motion to quash the charges.

Order affirmed.