570 A.2d 1073

COMMONWEALTH of Pennsylvania

v.

Robert KURILLA, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 22, 1990.

Filed Feb. 28, 1990.

242

Charles R. Witaconis, Asst. Public Defender, Scranton, for appellant.

Andrew Jarbola, Dist. Atty., Scranton, for Com., appellee.

Before CAVANAUGH, JOHNSON and HOFFMAN, JJ.

PER CURIAM:

Robert Kurilla appeals from an order denying his motion to quash a criminal information. We quash the appeal.

The criminal complaint charged Kurilla with unlawful receipt of public assistance, in violation of 62 Pa.S. § 481. He was held for trial following a preliminary hearing. Pursuant to Rule 306 of the Pennsylvania Rules of Criminal Procedure, Kurilla filed a pretrial motion to quash the information, alleging that a four-year statute of limitations under the Public Welfare Code would prohibit prosecution of any conduct pre-dating four years from filing the criminal complaint. The Honorable James J. Walsh, President

Judge, denied the motion on August 30, 1989. Kurilla seeks to appeal from that denial.

 The general rule in criminal cases is that a defendant may appeal only from a final judgment of sentence, and an appeal from any prior order or judgment will be quashed. The rule prohibiting interlocutory appeal is not one of unyielding flexibility. When there are special and exceptional circumstances, a defendant may appeal before his trial and conviction from the court's refusal to quash an indictment. *Commonwealth v. Kilgallen,* 379 Pa. 315, 108 A.2d 780 (1954). One such exceptional circumstance is when an issue of basic human rights is involved. *Commonwealth v. Bunter,* 445 Pa. 413, 282 A.2d 705 (1971) (per Eagen, J., with one Justice concurring and one Justice concurring in the result.)

 This is not a Brady-type appeal involving a claim of violation of double jeopardy rights. *Commonwealth v. Brady,* 510 Pa. 336, 508 A.2d 286 (1986); *Commonwealth v. Williams,* 361 Pa.Super. 501, 522 A.2d 1143 (1987). We find nothing in the record of this case to support a finding that exceptional circumstances are here present, such as a possible great injustice to the defendant, an issue of basic human rights, or an issue of great importance. *Commonwealth v. Reagan,* 330 Pa.Super. 417, 479 A.2d 621 (1984). Accordingly, we are constrained to quash the appeal.

Appeal quashed.