## Counterman v. Shoemaker

*P. Patrick Morrissey,* for plaintiff.
*E. David Christine,* for defendant.

O'BRIEN, *J.,* March 9, 1992—On January 9, 1992, plaintiff Jami Counterman commenced this action by filing a petition for protection from abuse against her former intimate partner defendant Brian Shoemaker. On January 13, 1992, following a hearing, this court made the temporary order permanent directing the defendant to refrain from any physical abuse, harassment or threats toward the plaintiff for a one-year period. On January 21, 1992, the defendant filed a motion for post-trial relief contending that defendant's alleged

acts, without actual or attempted physical violence, did not constitute abuse under the Protection from Abuse Act. Following the submission of briefs and oral argument by counsel for both parties on March 2, 1992, defendant's motion for post-trial relief is now before the court for disposition.

The Protection from Abuse Act provides in pertinent part as follows:

"Abuse: The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:...

"(2) Placing by physical menace another in fear of imminent serious bodily injury." 23 Pa.C.S. §6104.

Terms not defined in the Protection from Abuse Act have the meaning given them in the Crimes Code, 23 Pa.C.S. §6104(b). The phrase "physical menace" is not defined in either the Protection from Abuse Act or the Crimes Code and it therefore will be given its common and approved usage. 1 Pa.C.S. §1903. A "menace" has been defined as "a threat; the declaration or show of a disposition or determination to inflict an evil or injury upon another." *Black's Law Dictionary*, Rev. 4th Ed. Furthermore, the phrase "serious bodily injury" is defined in the Crimes Code as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. §2701(3).

It is also noteworthy that section 2 of the Act which defines abuse, does not require actual or attempted physical violence. In applying the above terms and meanings to the facts of the case at bar, we have no hesitation

in concluding that the defendant's actions constituted abuse as defined in the Protection from Abuse Act. Plaintiff testified that defendant called her, stated that he possessed a gun, and then threatened to kill her, her fiance, and the members of her family with whom she resided. The testimony also revealed that defendant had a car and lived within a few minutes of plaintiff. The defendant therefore placed plaintiff by physical menace in fear of imminent serious bodily harm. Further, the inquiry centers on plaintiff's fear and not any actual injury inflicted. *Ickes v. Ickes,* 3 D.&C.4th 166 (1989). We find that plaintiff was justified in believing that if the defendant carried out his threats and shot her, that death or serious impairment of the function of a bodily member or organ would result.

In *Yankowskie v. Lenker,* 363 Pa. Super. 448, 526 A.2d 429 (1987), the Superior Court stated that the goal of the Protection from Abuse Act is to provide immediate protection from the threat of physical violence. A court order may tend to defer future violent acts. The court further stated that a determination by the court that the defendant is in fact an abuser would increase the chances that law enforcement officials will use special efforts to protect the victim and will treat the acts of the defendant seriously. The primary goal of the Protection from Abuse Act is not retroactive punishment but is rather to advance prevention of physical and sexual abuse. *Eichenlaub v. Eichenlaub,* 340 Pa. Super. 552, 490 A.2d 918 (1985); *Commonwealth v. Smith,* 380 Pa. Super. 484, 552 A.2d 292 (1988). This goal is evident in the Act's emergency provisions which permit the court to quickly and flexibly respond to advance warnings of abuse. As stated by the Superior Court in *Eichenlaub v. Eichenlaub, supra:*

"The emergency nature of the judicial process pursuant to the Protection from Abuse Act requires that this court act swiftly to prevent continued abuse and deal with contempt situations in an expeditious manner lest the violation giving rise to contempt become a criminal action for homicide."

Furthermore, the Protection from Abuse Act was designed to ameliorate the inadequacies of the traditional approach to domestic violence and the protection afforded under the Act is in addition to and not a substitute for other remedies. *Melvin v. Melvin,* 398 Pa. Super. 1, 580 A.2d 811 (1990). The inadequacy of the criminal justice system's response to domestic violence is underscored by the fact that a former District Attorney E. David Christine Jr. argued on behalf of the defendant in this case that a threat to kill should not justify protection.

In light of the foregoing goals of the Protection from Abuse Act, we are convinced that the defendant's actions did constitute abuse within the meaning of the Act. We find the order of this court against defendant was proper and necessary to protect the plaintiff from defendant's threat of physical violence.

## ORDER

And now, March 9, 1992, defendant's motion for post-trial relief is denied and the prior order of this court dated January 13, 1991, is affirmed as the final order in this proceeding.