J-A22017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MELODY J. AHRENS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY AHRENS, JR. | : | |
| | : | |
| Appellant | : | No. 657 MDA 2021 |

Appeal from the Order Entered May 3, 2021
In the Court of Common Pleas of York County Civil Division at No(s):
2019-FC-001534-12

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:          **FILED: DECEMBER 30, 2021**

Appellant, Jeffrey Ahrens, Jr., ("Husband") appeals from the May 3, 2021 order granting a petition filed by Melody J. Ahrens ("Wife") to extend a final order entered under the Protection From Abuse ("PFA") Act, 23 Pa.C.S.A. §§ 6101-6122.  We affirm.

The trial court summarized the procedural history as follows:

[Wife] and [Husband] are in the midst of a divorce proceeding. The parties [] previously had [a PFA] order[] in place since 2019[,] in which Wife was the protected party and Husband's contact with the minor children was supervised.

On August 16, 2019, a petition for [a PFA order] was filed by Wife. That same day a temporary [PFA] order was granted.  On August 26, 2019, a [final PFA] order [] was entered [by agreement of the parties].  This [final PFA order] provided that Wife was the protected party and that all of Husband's visits with the minor children must be supervised.  On November 1, 2019, an indirect criminal contempt order in which Husband [pleaded] guilty was entered.  On November 4, 2019, the final [PFA] order was extended to August 26, 2020.  A second indirect criminal contempt order in which Husband [pleaded] guilty was entered on June

[30], 2020. On June 30, 2020, the final [PFA] order was extended to February 26, 2021[.]

On November 13, 2020, a third indirect criminal contempt order was entered in which the matter was *nolle prosequied*. [On February 25, 2021, the] day before the [] final [PFA] order was [set] to expire, Wife filed a petition to [extend the expiration date of the final PFA order three more years.] On April 20, 2021, [the trial court entered an order scheduling] a hearing [on Wife's petition] for May 3, 2021.[1] Subsequently, a rule to show cause order was issued on April 27, 2021[,] in which Husband was ordered to appear to explain why he had failed to turn over his firearm to the sheriff's office. On May 3, 2021, [the trial] court held a hearing as to Wife's petition[.] After holding a hearing, the [trial] court entered an order extending the [final PFA] order to May 3, 2024[.]

Trial Court Opinion, 5/28/21, at 1-2 (extraneous capitalization omitted). This

appeal followed.[2]

Husband raises the following issues for our review:

[1.    Whether] the trial court erred as a matter of law [or] abused its discretion in scheduling a hearing for May 3, 2021[,] on a petition to amend [the final PFA] order that expired on February 26, 2021[,] despite said petition being filed on February 25, 2021[?] [Husband], to his detriment, relied on the expiration of the final [PFA] order[,] and the subsequent reinstatement of said order nearly two [] months after its expiration resulted in extreme prejudice to [Husband] in [the] concurrent custody proceedings.

[2.    Whether] the trial court's failure to take timely action on the February 25, 2021 petition to amend [the final PFA] order[, the trial court's] retroactive reinstatement of the final [PFA] order [] after it expired more than two [] months earlier[,]

_____

[1] The April 20, 2021 scheduling order stated that "[t]he terms of the [PFA] order presently in effect shall remain in effect until the time of the hearing on [Wife's] petition" to extend. Trial Court Order, 4/20/21.

[2] Both Husband and the trial court complied with Pa.R.A.P. 1925.

and [the trial court's extension of the expiration date of the] final [PFA] order [] severely prejudiced [Husband] in the concurrent custody proceedings, particularly in extending said final [PFA] order [] for a period of three [] years[?]

[3.  Whether] the trial court erred as a matter of law [or] abused its discretion in extending the final [PFA] order [] for a period of three [] years when there was no evidence of additional incidents of abuse occurring after the original final [PFA] order [] was entered [on August 26, 2019?]

[4.  Whether] the trial court erred as a matter of law [or] abused its discretion in including any custody provisions in the extended final [PFA] order [] when the children were not protected parties and extensive custody negotiations and litigation [] occurred subsequent to the entry of the [August 26, 2019] final [PFA] order[,] which [] was entered with no admission of liability and with the consent of the parties[?]

Husband's Brief at 5 (extraneous capitalization omitted).

Husband's first issue challenges the trial court's authority to schedule a hearing on Wife's petition after the expiration of the final PFA order and, within the context of the scheduling order, to reinstate the final PFA order. *Id.* at 12-19. This issue raises questions of law involving statutory interpretation for which our standard and scope of review are well-settled. When reviewing questions of law and statutory interpretation, our standard of review is *de novo* and our scope of review is plenary. **See Kaur v. Singh**, 259 A.3d 505, 509 (Pa. Super. 2021) (stating that, for questions of law, this Court's standard of review is *de novo* and the scope of review is plenary); **see also Trout v. Strube**, 97 A.3d 387, 389 (Pa. Super. 2014) (stating that, "[w]hen considering issues of statutory interpretation, the applicable standard of review is *de novo* and our scope of review is plenary").

- 3 -

Simply stated, the PFA Act is designed to "to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." ***Buchhalter v. Buchhalter***, 959 A.2d 1260, 1262 (Pa. Super. 2008). Once the trial court grants a party a final PFA order, in accordance with the procedures set forth in the PFA Act, the trial court may grant an extension of the PFA order, *inter alia*,

> [w]here the [trial] court finds, after a duly filed petition, notice to the defendant and a hearing, in accordance with the procedures set forth in [23 Pa.C.S.A. §§ 6106[3] and 6107[4]], that the defendant committed one or more acts of abuse subsequent to the entry of the final [PFA] order or that the defendant engaged in a pattern or practice that indicates continued risk of harm to the plaintiff or minor child.

---

[3] Section 6106 of the PFA Act states, in pertinent part, that copies of the PFA petition and orders shall be served on the defendant, and the trial court "shall adopt a means of **prompt and effective** service in those instances where the plaintiff avers that service cannot be safely effected by an adult individual other than a law enforcement officer or where the trial court so orders." 23 Pa.C.S.A. § 6106(e), (f) and (g) (emphasis added).

[4] Section 6107 of the PFA Act states, in pertinent part, that "[w]ithin ten business days of the filing of a petition under this chapter, a hearing shall be held before the [trial] court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence. The [trial] court shall, at the time the defendant is given notice of the hearing, advise the defendant" of, *inter alia*, the right to be represented by counsel, of the possibility that a firearm may be ordered temporarily relinquished, and that any PFA order granted by the trial court may be considered in, *inter alia*, child custody proceedings. 23 Pa.C.S.A. § 6107(a).

23 Pa.C.S.A. § 6108(e)(1)(i). This Court has long-held that where a petition to extend a final PFA order is timely filed, meaning that the petition to extend is filed before the final PFA order expires,

> the fact that the hearing was held after the [final] PFA order expired does not divest the trial court of the power to hear the evidence and, if appropriate, enter an order extending that [final PFA] order.

*Kuhlmeier v. Kuhlmeier*, 817 A.2d 1127, 1130 (Pa. Super. 2003).

Here, a review of the record demonstrates that, on February 25, 2021, Wife filed a petition to extend the final PFA order for an additional three years. The petition indicated that the final PFA order was set to expire the next day, February 26, 2021. There is no indication that Wife served a copy of the petition to extend on Husband or that the trial court provided notice to Husband. **See**, **generally**, Trial Court Docket. On April 20, 2021, 54 days after Wife filed her petition to extend, the trial court filed an order scheduling a hearing on May 3, 2021, for Wife's petition. In that scheduling order, the trial court stated, "[t]he terms of the [PFA order] presently in effect shall remain in effect until the time of the hearing on [Wife's] petition" to extend.[5] **See** Trial Court Order, 4/20/21. The trial court directed the prothonotary of the Court of Common Pleas of York County to provide Husband and Wife with a copy of the scheduling order. A review of the notes of testimony from the

---

[5] The statement, "The order dated June 30, 2020[,] remains in effect until the date of this hearing or further order of court" was handwritten on the scheduling order. **See** Trial Court Order, 4/20/21.

May 3, 2021 hearing on Wife's petition to extend demonstrates that both Husband and Wife were present and testified; Wife was *pro se*, and Husband was represented by counsel. At the hearing, Husband did not lodge an objection challenging his notification that a petition to extend the final PFA order had been filed, that the order scheduling the hearing had been issued after the expiration of the final PFA order, that the hearing on the petition to extend was held on May 3, 2021, or that the final PFA order had been extended until the hearing on May 3, 2021.[6] ***See***, ***generally***, N.T., 5/3/21.

Section 6108(e)(1)(i), governing petitions to extend a final PFA order, requires the trial court, upon the filing of a petition pursuant to the PFA Act, including a petition to extend a final PFA order, to provide notice to the defendant and conduct a hearing in accordance with Section 6107. 23 Pa.C.S.A. § 6108(e)(1)(i). Section 6107 requires the hearing to be held within "ten business days" from the filing of the petition. 23 Pa.C.S.A. § 6107. Wife's petition to extend the final PFA order in the case *sub judice* was filed on February 25, 2021, which means the trial court was required to conduct a hearing on the matter on or before March 11, 2021, ten business days after the filing of said petition. On April 20, 2021, well-outside the ten-business-day period, the trial court entered an order scheduling a hearing on May 3, 2021, for Wife's petition to extend. Prior to, and during, the hearing, Husband did

---

[6] The only motion Husband's counsel presented at the hearing was a motion to recuse, which the trial court denied. N.T., 5/3/21, at 3-4.

not object to, *inter alia*, the trial court's failure to schedule the hearing within ten days of the filing of Wife's petition to extend. Therefore, Husband waived this issue for failure to raise the issue before the trial court. **See Ferko-Fox v. Fox**, 68 A.3d 917, 925-926 (Pa. Super. 2013) (holding that, an issue concerning the trial court's failure to conduct a hearing on a PFA petition within ten business days of its filing is waived if the defendant fails to object before, or during, the hearing); **see also** Pa.R.A.P. 302 (stating, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

The trial court cites an "administrative mishap," or breakdown in the court system, as the reason for the 54-day delay in scheduling a hearing on Wife's petition to extend the final PFA order. We have recognized, in other contexts, administrative breakdowns in the judicial system as just cause to avoid strict application or compliance with procedural rules where non-compliance was not the fault of a litigant. **See**, **e.g.**, **Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019) (holding that, this Court will overlook a defective notice of appeal or an untimely notice of appeal when the defect or the untimely filing was the result of a breakdown in court operations), *appeal denied*, 235 A.3d 1073 (Pa. 2020). We see no reason to refrain from applying this principle in the case before us. As such, under the procedural posture of the case *sub judice***,** we discern no error of law or abuse

of discretion in the trial court's lack of action until 54 days after Wife's petition to extend was filed.[7]

Moreover, we do not find an error of law or abuse of discretion in the trial court's order extending the final PFA order until the time of the hearing on May 3, 2021. Section 6108(e)(1)(i) permits the trial court to extend a final PFA order upon a showing that the defendant "committed one or more acts of abuse subsequent to the entry of the final [PFA] order or that the defendant engaged in a pattern or practice that indicates continued risk of harm to the plaintiff or minor children." 23 Pa.C.S.A. § 6108(e)(1)(i). A plain-reading of Section 6108(e)(1)(i) necessitates that upon the filing of a petition to extend a final PFA, the final PFA remains in place until the resolution of the petition to extend, even when resolution does not occur until after the date the final PFA order was originally set to expire. Otherwise, a defendant would be able to "run the clock out" on a final PFA order through tactical maneuvers designed to forestall the petition-to-extend proceedings.[8] Consequently, Husband's first issue is without merit.

_____

[7] In general, trial courts should proceed expeditiously in all matters concerning PFA proceedings and, thus, should have procedures and mechanisms in place to avoid any "administrative mishaps," such as occurred in the case *sub judice*.

[8] This principal that a final PFA remains in place until the resolution of a timely petition to extend a final PFA order, provided notice is given to the defendant, is further supported by a plain-reading of Section 6108(e)(1)(ii) where the legislature deemed it necessary to specifically state that a final PFA order remains in effect upon the filing of a petition for contempt, or other charge, but a hearing on the matter has not occurred before the expiration of the final

Husband's second issue raises a claim that the trial court's order extending the final PFA order for an additional three years prejudiced him in a concurrent matter involving custody of the minor children. Husband's Brief at 5. A review of Husband's brief demonstrates that, while Husband sets forth an argument in support of his first issue, he fails to set forth an argument with citation to authority that supports his contention that the trial court erred or abused its discretion in extending the final PFA order because that course of action supposedly prejudiced Husband in a concurrent, but separate, custody proceeding involving the minor children. *See id.* at 12-19. Therefore, Husband waived this issue. *See C.H.L. v. W.D.L.*, 214 A.3d 1272, 1276 (Pa. Super. 2019) (stating, "[i]t is well-established that the failure to develop an argument with citation to, and analysis of, pertinent authority results in waiver of that issue on appeal"); *see also* Pa.R.A.P. 2119(a) (requiring the argument section of an appellate brief to set forth a discussion, with citation to authorities, for each issue raised).

Moreover, a "PFA matter, while interrelated to [a] custody matter, is a wholly separate matter on a wholly separate docket." *E.K. v. J.R.A.*, 237 A.3d 509, 527 (Pa. Super. 2020). The Domestic Relations Code, 23 Pa.C.S.A. §§ 101 – 8415, accounts for the potential exploitation of the PFA Act by one

PFA order. 23 Pa.C.S.A. § 6108(e)(1)(ii). Because a petition of contempt does not request the same relief as a petition to extend a final PFA order, *i.e.*, an extension of a final PFA order, the legislature made certain that it was understood that the final PFA order was extended until resolution of the petition for contempt.

parent against the other, and in particular when custody matters are involved, by separating the two distinct matters. **See C.H.L.**, 217 A.3d at 1284 (stating, the Domestic Relations Code separates custody matters and PFA matters into two distinct inquiries). The PFA court determines whether the plaintiff has proven allegations of abuse by a preponderance of the evidence and, in the case of an extension of a final PFA order, whether "the defendant committed one or more acts of abuse subsequent to the entry of the final [PFA] order or [whether] the defendant engaged in a pattern or practice that indicates continued risk of harm to the plaintiff or minor child." **See** 23 Pa.C.S.A. § 6107; **see also** 23 Pa.C.S.A. § 6108(e)(1)(i). When the PFA court awards temporary custody of a minor child as part of a PFA order, the trial court "need only consider the risk the defendant poses to the child[,] as well as the plaintiff[,]" and does not perform a 16-factor best interests analysis under Section 5328(a) of the Child Custody Act, 23 Pa.C.S.A. §§ 5321 – 5340. **See C.H.L.**, 214 A.3d at 1283; **see also** 23 Pa.C.S.A. § 5328(a). The child custody court, on the other hand, determines the child's best interest in awarding custody by applying "all relevant factors" including the 16 factors set forth in Section 5328(a). **See C.H.L.**, 214 A.3d at 1284; **see also** 23 Pa.C.S.A. § 5328(a). Included in those 16 factors is consideration of:

> The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.
>
> . . .

> The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

23 Pa.C.S.A. § 5328(a)(2) and (8). The separation of PFA matters and child custody matters, in this way, "safeguards the rights [of] both parties in their due roles as PFA litigants and as parents." *C.H.L.*, 214 A.3d at 1284 (footnote omitted). Given these procedural safeguards, we discern no support for Husband's claim of prejudice.

Husband's third issue challenges the sufficiency of the evidence to support the trial court's order extending the final PFA for an additional three years.

> When a claim is presented on appeal that the evidence is not sufficient to support an order of protection from abuse, [including ordering an extension of a final PFA order,] we review the evidence in the light most favorable to the petitioner and[,] granting her[, or him,] the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it. Furthermore, the preponderance of the evidence is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteria or requirement for preponderance of the evidence.

*Ferko-Fox*, 68 A.3d at 926-927 (citation and original brackets omitted).

To reiterate, when requesting an extension of a final PFA order, the petitioner must demonstrate by a preponderance of the evidence that "the defendant committed one or more acts of abuse subsequent to the entry of the final [PFA] order or that the defendant engaged in a pattern or practice

- 11 -

that indicates continued risk of harm to the plaintiff or minor child." 23 Pa.C.S.A. § 6108(e)(1)(i).

At the May 3, 2021 hearing on Wife's petition to extend the final PFA order, one of the parties' adult daughters testified that, while attending a Christmas 2020 paternal-family gathering, Husband described the custody proceedings as "a war that he would win, even if he has to make someone disappear or die." N.T., 5/3/21, at 12. The adult daughter stated that, on multiple occasions, Husband expressed a desire to kill himself, kill his family, and to kill other third-parties. *Id.* at 15. The adult daughter also testified that she, and other of her siblings, felt threatened by Husband's statements that he would "beat the gay out" of his child if that child had a partner of the same sex.[9] *Id.* at 9-11. Husband acknowledged that he made remarks about killing a neighbor. *Id.* at 37. Husband further acknowledged that he made statements suggesting that he understood "what makes a man kill his family and then kill himself[.]" *Id.* at 40. Wife testified that there have been multiple issues involving threatening contacts by Husband while the final PFA was in place. *Id.* at 21-22, 25. In particular, Wife stated,

> [Husband] harassed me regarding property. He's harassed me saying things about my significant other. With the children going to visitation, they come back with messages from [Husband]

---

[9] The record demonstrates that one or more of Wife's and Husband's children identifies as being a part of the LGBTQIA+ (lesbian, gay, bisexual, transgender, questioning, intersex, asexual, plus others not represented by these groups) community in terms of their sexual orientation or gender identity. N.T., 5/3/21, at 11.

because while he's [with the children,] there [are] disparaging remarks said, some very derogatory and some very repugnant. [H]e has made comments to the children which threaten[] my life.

*Id.* at 23-24. Wife stated that she remains afraid of Husband. *Id.* at 27.

In viewing the evidence in the light most favorable to Wife as the petitioner, we concur with the trial court that sufficient evidence was presented that demonstrated, by a preponderance of the evidence, that Husband committed one or more acts of abuse subsequent to the entry of the August 26, 2019 final PFA order and that Husband engaged in behavior or made statements indicating that he continued to be a risk of harm to Wife and the minor children. Therefore, we find Husband's sufficiency of the evidence claim to be without merit.[10]

---

[10] Husband asserts that,

> The bulk of the testimony supporting Wife's request for an extension came from the parties' [adult] daughter [] and much of [the daughter's] testimony focused on allegations that occurred nearly two [] years earlier. Further, Wife's own testimony failed to support the necessity for an extension of the [final PFA order] as her testimony was vague[.]

Father's Brief at 19. In so arguing, Father challenges the credibility of the witnesses' testimony as presented at the hearing and asks this Court to step into the shoes of the trial court, as fact-finder, in order that we might reassess the credibility of the witnesses and reweigh the evidence in hopes of reaching a different conclusion. It is not for this Court to undertake such an exercise. *See Kaur v. Singh*, 259 A.3d 505, 509 (Pa. Super. 2021) (stating that, "this Court will defer to the credibility determinations of the trial court as to witnesses who appeared before it[, and it] is well-settled that the trier[-]of[-]fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence" (citation and original quotation marks omitted)).

Husband's final issue challenges the trial court's inclusion of custody provisions in the order extending the final PFA order on the grounds that the children are not protected parties. Husband's Brief at 5.

Our standard and scope of review of a PFA order is one in which,

this Court reviews the trial court's legal conclusions for an error of law or an abuse of discretion. A trial court does not abuse its discretion for a mere error of judgment; rather, an abuse of discretion occurs where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will.

*Kaur*, 259 A.3d at 509 (citation and quotation marks omitted).

Here, a review of Husband's appellate brief demonstrates that Husband failed to set forth an argument with citation to appropriate authorities in support of his final issue. *See* Husband's Brief at 19-20. As such, Husband waived this issue. *See C.H.L.*, 214 A.3d at 1276; *see also* Pa.R.A.P. 2119(a). Moreover, Section 6108(a)(4) of the PFA Act states that the final PFA order may include "[a]warding temporary custody of or establishing temporary visitation rights with regard to minor children." 23 Pa.C.S.A. § 6108(a)(4); *see also C.H.L.*, 214 A.3d at 1281-1282 (stating that, the PFA Act permits trial courts to award temporary custody or temporary visitation, even if the PFA order conflicts with existing custody orders because "[t]o hold otherwise would have the effect of emasculating the central and extraordinary feature of the PFA [Act] which is to prospectively control and prevent domestic violence" (citation omitted)); *Dye for McCoy v. McCoy*, 621 A.2d 144, 145 (Pa. Super. 1993) (holding that, 23 Pa.C.S.A § 6108(a)(4) "precludes a

- 14 -

custody award, pre-existing or following the PFA Order, from nullifying the PFA Order as its purpose is to assure the safety of a child or children above and beyond any other [o]rders or relationships involving the children"). Orders awarding final custody of a minor child are determined in a separate action, initiated by filing a petition for custody, and after the trial court conducts a 16-factor best interest analysis pursuant to Section 5328(a) of the Child Custody Act. **See** 23 Pa.C.S.A. § 5328(a), **see also** 23 Pa.C.S.A. § 6108(a)(4)(v) (stating, "[n]othing in [the PFA Act] shall bar either party from filing a petition for custody under Chapter 53 [of the Domestic Relations Code] (relating to custody) or under the Pennsylvania Rules of Civil Procedure"); **C.H.L.**, 214 A.3d at 1283 (stating, "[i]t is well-settled that [a] trial court has authority to award custody on a temporary basis [under the PFA Act] so that it may address emergency situations and protect a child until a final custody hearing can be held [pursuant to the Child Custody Act], when a permanent [custody] order can be entered").

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2021

- 15 -