J-A15030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BROOKE M.C. STRICKER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN C. CREED | : | |
| | : | |
| Appellant | : | No. 38 MDA 2025 |

Appeal from the Order Entered December 17, 2024
In the Court of Common Pleas of Berks County
Civil Division at No: 24-14300

BEFORE:  BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED: OCTOBER 21, 2025**

Appellant, Justin C. Creed, appeals from the December 17, 2024, order entered in the Court of Common Pleas of Berks County denying partial reconsideration of the November 12, 2024, Final Protection From Abuse ("PFA") order.  Upon review, we affirm the court's final order, but remand for that order to be amended to include omitted provisions required under paragraph 5 to Rule 1905(e).[1]

On September 5, 2024, Appellee, Brooke M.C. Stricker, filed a PFA petition naming herself and the parties' minor child, J.C., as protected parties. A temporary PFA order was issued the same day.  The PFA hearing was initially scheduled for September 12, 2024.  However, it was continued at Appellant's

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Pa.R.Civ.P. 1905.

request to secure counsel. There was no entry of appearance prior to the next hearing date.

The PFA hearing was held on November 12, 2024. Appellant failed to appear. Following the hearing, the court granted Appellee PFA relief and entered a final PFA order in the form required under Pa.R.Civ.P. 1905. The order identified only Appellee mother, Brooke M.C. Stricker, as the protected party for a period of three years. *See* PFA Order, 11/12/24. In its order, the court awarded temporary sole legal and physical custody of J.C. to Appellee and ordered that Appellant shall have no partial physical custody/visitation rights. As per Rule 1905, the form order provides that it supersedes any prior order relating to child custody. The court, however, struck out that portion of the 1905 form order that provides "[t]he custody provisions of Paragraph 5 of this order are temporary. Either party may initiate custody proceedings pursuant to the custody statute at 23 Pa.C.S. §§ 5321-5340. Any valid custody order entered after the final Protection From Abuse order supersedes the custody provisions of this order." Pa.R.Civ.P. 1905(e).

Appellant filed a motion for partial reconsideration on November 22, 2024. He asserted that he was not properly served with notice of the PFA hearing and that Appellee did not allege abuse toward the minor child in her petition to warrant the child being a protected party. Appellant stated that prior to the PFA order, the parties shared 50/50 custody of J.C. On November 25, 2024, the court issued an order expressly granting reconsideration and scheduled a hearing on Appellant's motion. Following a hearing on December

- 2 -

13, 2024, the court denied Appellant's motion for partial reconsideration. This timely appeal followed.

Appellant raises two issues for our review, which we have reorganized for ease of disposition:

A. Did the trial court err in denying Appellant's motion for partial reconsideration and including the minor child as a protected party on the [PFA] order dated November 12, 2024, as Appellee failed to present evidence and testimony which would show by a preponderance of evidence that Appellant poses a risk of harm to the minor child or made any threats of harm or perpetrated any acts of abuse directed towards the minor child?

B. Did the trial court err in awarding Appellee sole physical custody and sole legal custody and ordering that a valid custody order entered after the final [PFA] order would not supersede the custody provisions of the [PFA] order dated November 12, 2024?

Appellant's Brief, at 4.

We first briefly address the trial court's contention that this appeal should be quashed as untimely because it did not expressly grant reconsideration. While post-trial motions are prohibited in any domestic relations matter, an aggrieved party may file for reconsideration in accordance with Pa.R.A.P. 1701(b)(3). *See* Pa.R.Civ.P. 1930.2(a), (b). A motion for reconsideration must be filed within the 30-day appeal period. *See* Pa.R.A.P. 1701(b)(3)(ii). If the trial court files an order expressly granting reconsideration within those 30 days, the appeal period is tolled until disposition of the reconsideration:

- 3 -

> Where a timely order [expressly granting reconsideration] is entered . . ., **the time for filing a notice of appeal . . . begins to run anew after the entry of the decision on reconsideration**, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court[.]

*Id.* (emphasis added). The comment to Rule 1930.2 reiterates this principle: "If the court grants the motion for reconsideration, it has 120 days in which to enter a reconsidered decision. **The appeal period begins to run anew upon the entry of the reconsidered decision**[.]" Pa.R.Civ.P. 1930.2, cmnt. (emphasis added).

Here, Appellant filed a motion for partial reconsideration within the 30-day appeal period. The PFA court issued an order within the same period which expressly granted reconsideration and scheduled a hearing:

> AND NOW, this 25th day of Nov., 2024, upon consideration of [Appellant]'s Motion for Partial Reconsideration it is hereby ORDERED, ADJUDGED, and DECREED that **Reconsideration is expressly granted pursuant to Pa.R.A.P. § 1701(b)(3)** and that the hearing on the motion shall be held on the 13th day of Dec., 2024, in Courtroom 4A of the Berks County Services Center at 9:00 A.M.

Order, 11/25/24 (emphasis added). This order satisfies the requirements of Section 1701(b)(3) to toll the appeal period. After the court denied reconsideration on December 13, 2024, Appellant filed a timely notice of appeal on January 6, 2024. Therefore, we will proceed to address the merits of this appeal.

Appellant first contends that the PFA court erred by including the minor child as a protected party. *See* Appellant's Brief, at 16-31. Specifically, he argues that Appellee "failed to show by a preponderance of evidence that

- 4 -

Appellant engaged in any conduct directed toward the minor child which would meet the definition of abuse as set forth in 23 Pa.C.S.[A]. § 6102." *Id.* at 21.

Appellant's argument is misplaced. The PFA Order only grants relief to the plaintiff/Appellee as the sole protected person. *See* PFA Final Order, 11/12/24, at 1. J.C. is not identified as a protected party.[2] Since the minor child was not identified as a protected party under the final PFA order, Appellant's first issue must be dismissed.[3]

Appellant's second issue has two components. The first is that the PFA court erred when it awarded Appellee sole legal and physical custody of the minor child. *See* Appellant's Brief, at 11-16. The second is that the court further erred when it removed the statutory provision from the PFA form order advising that (1) the custodial provisions are temporary in nature, (2) either party may file a custody petition, and (3) any subsequent order of custody supersedes the PFA order. *Id.*

_____

[2] We note that the parties and the PFA court all believe that J.C. is a protected party. While that may have been the court's intention, that is not reflected in the order entered. A plain reading of the final PFA order indicates that Appellee is the only protected party: "Name(s) of ALL protected parties, including minor child/ren and DOB. Brooke M.C. Stricker." PFA Final Order, 11/12/24, at 1.

[3] To the extent Appellant challenges the admissibility of evidence during the PFA hearing, that issue is waived. Appellant failed to appear for the hearing and therefore did not object to the admission of the evidence which he now challenges. *See Commonwealth v. Rudolf*, 262 A.3d 574, 581 (Pa. Super. 2021) ("It is settled that an appellant's failure to raise a contemporaneous objection to evidence at trial waives that claim on appeal.").

In the context of a PFA order, we review the court's legal conclusions for an error of law or abuse of discretion. *C.H.L. v. W.D.L.*, 214 A.3d 1272, 1276 (Pa. Super. 2019). We "must view the evidence in the light most favorable to petitioner and granting her [or him] the benefit of all reasonable inferences" and "defer to the lower court's determination of the credibility of witnesses at the hearing." *Id.* The PFA Act permits a court to award temporary custody as relief even if a child is not named as a protected party in a final PFA order. *See* 23 Pa.C.S.A. § 6108(a)(4); *see also C.H.L.*, 214 A.3d at 1275, 1284 (affirming award of temporary custody in a final PFA order where the child was not a protected party); *E.K. v. J.R.A.*, 237 A.3d 509, 515, 525 (same).

Further, "the PFA Act permits a trial court to award custody relief even if [c]hildren were not abused directly." *E.K.*, 237 A.3d at 525. "Stated another way, the PFA Act does not require the plaintiff to initiate a PFA action on behalf of the plaintiff's children in order to obtain custody relief." *Id.* Section 6108 of the Act permits the court to:

> Award[] temporary custody of or establish[] temporary visitation rights with regard to minor children. In determining whether to award temporary custody or establish temporary visitation rights pursuant to this paragraph, the court shall consider any risk posed by the defendant to the children as well as risk to the plaintiff. The following shall apply:
>
> (i) A defendant shall not be granted custody, partial custody or unsupervised visitation where it is alleged in the petition, and the court finds after a hearing under this chapter, that the defendant:

- 6 -

        (A)   abused the minor children of the parties or **poses a risk of abuse toward the minor children** of the parties;

* * * *

(iii)  Where the court finds after a hearing under this chapter that the defendant has inflicted serious abuse upon the plaintiff or a child or **poses a risk of abuse toward the plaintiff or child**, the court may:

        (A)   award supervised visitation in a secure visitation facility; or

        (B)   deny the defendant custodial access to a child.

23 Pa.C.S.A. § 6108(a)(4) (emphases added). "[T]he PFA Act does not require a child to be physically struck before a court can award temporary sole custody to a plaintiff." *C.H.L.*, 214 A.3d at 1282. We explained:

> There is good reason for this. For one, research indicates that children who are exposed to domestic violence suffer a torrent of adverse effects regardless of whether they are direct victims of the physical abuse. Even simple exposure to such violence produces physical and mental results similar to those observed in maltreated children. The PFA Act also guards against defendants who use children as tools against those seeking protection, even if the children are not themselves physically abused.

*Id.* (citations omitted).

Here, the PFA court found that Appellant's communications placed Appellee in reasonable fear and imminent serious bodily injury and posed a risk of abuse to J.C. At the hearing, Appellee introduced a text message, voicemail transcription, and a Facebook post to support her allegations of abuse against Appellant.

Appellee explained that Appellant logged into her Facebook account[4] and posted a harassing message: "Sorry you scumbag piece of shit ain't not [sic] way I'm having my son round that fucking low life criminal fucking goon . . . **as long as he's there [J.C.] won't be**[.]" ***Id.*** at 6, Exhibit 1 (emphasis added). Appellee testified that she felt harassed by Appellant through the Facebook post, as she had previously told him to stop. ***Id.*** at 6, 15. The PFA court found Appellant's statement to be a threat to physically remove J.C. from Appellee's custody, which could cause a risk of harm to the child. ***See*** PFA Court Opinion, 1/15/25, at 12.

Appellee also introduced a lengthy text message from Appellant, which reads, in pertinent part:

> . . . Second of all your [sic] **lucky I didn't destroy that phone you gave to [J.C.]**! After finding out u had that [other man] around my fuckin son just you can get off. **If I'd been in my IDGAF mood I would have broke in ur fkn aptmn & beat the shit out of u** on general principal[.] . . . [J.C.] tells me bubba came over again **I'm fukin coming for you.**

N.T. Hearing, 11/12/24, at 8-10, Exhibit 2 (emphases added). Appellee testified that this text message made her scared because it was sent without provocation. ***Id.*** at 11. She believed Appellant could do what he threatened, and she feared for her safety. ***Id.*** at 10-11. The PFA court found that the bolded portions of Appellant's text message indicated a threat to destroy J.C.'s

---

[4] Appellee gave J.C. her old cell phone to play games on. N.T. Hearing, 11/12/24, at 7. J.C. took the phone to Appellant's house, who went through it, discovered that Appellee was still logged into her Facebook account, and made the subject post. ***Id.***

personal property, as well as to physically harm Appellee, which could also cause a risk of harm to J.C. **See** PFA Court Opinion, 1/15/25, at 12-13.

Based on the totality of the evidence, the PFA court found that Appellant posed a risk of abuse toward the child and awarded Appellee sole legal and physical custody pursuant to Section 6108(a)(4)(iii)(B). Viewing the evidence in the light most favorable to Appellee, and recognizing our deference to the PFA court's credibility determinations, we discern no abuse of discretion.

However, we do agree with Appellant that the court erred when it struck that portion of the Rule 1905 PFA form order that provides that the custody provisions of the order (paragraph 5) are temporary, that either party may initiate custody proceedings under the custody statute, and that any valid custody order entered after the final PFA order supersedes the custody provisions of the PFA order.

In removing these provisions from the Rule 1905 form PFA order, the court stated:

> It is my opinion, consistent with existing law in Pennsylvania as I understand it to be – I have been appealed on this once and affirmed – that when a [PFA] order comes into play and it contains a custody provision, that custody provision supersedes any existing custody case and any subsequent custody case while the [PFA] order is in place. The forms that we are given do not read that way.

N.T. PFA Hearing, 11/12/24, at 19. This was in error.

Under Article 5, Section 10(c) of the Pennsylvania Constitution, our Supreme Court has the power, *inter alia,* to prescribe general rules governing

practice, procedure and the conduct of all courts. Pa. Const. Art. V, § 10(c). When promulgated, our court rules have the force of a statute. ***See Lohmiller v. Weidenbaugh***, 469 A.2d 578, 580 n.4 (Pa. 1983), citing ***Dombrowski v. City of Philadelphia***, 245 A.2d 238, 241 n.4 (Pa. 1968). Rule 1901.7(d), duly promulgated by our Supreme Court, expressly provides:

> The custody provisions of a Protection From Abuse order are temporary. Either party may initiate custody proceedings pursuant to the custody statute at 23 Pa.C.S.A. § 5321 *et. seq.* **Any valid custody order entered after the final Protection from Abuse order supersedes the custody provisions in paragraph 5 of the Protection From Abuse order**.

Pa.R.Civ.P. 1901.7(d) (emphasis added). This provision is also reflected in the form order to be used by courts under Rule 1905, as recited above.[5]

We therefore affirm the PFA court's final order of December 17, 2024, but remand with the instruction that the final order be amended to include the provisions omitted by the court under paragraph 5 of the Rule 1905 form order.

---

[5] In altering the language of the PFA order, the PFA court relied upon ***Dye for McCoy v. McCoy***, 621 A.2d 144 (Pa. Super. 1993), which stated that "section 6108(a)(4) precludes a custody award, pre-existing **or following** the PFA order, from nullifying the PFA Order[.]" ***Id.*** at 145 (emphasis added). The case, however, predates the effective dates of Pa.R.Civ.P. 1901.7 and 1905, *i.e.*, March 12, 2015 and April 10, 2019, respectively. As our rules have the force of a statute, we are bound by them. ***See Lohmiller***, ***supra***.

Affirmed and remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/21/2025</u>